## MAUD BOYD v. THE STATE.

### No. 8418.    Decided April 30, 1924.

### Rehearing denied June 30, 1924.

**Selling Intoxicating Liquor—Suspended Sentence—Age of Defendant.**

Where, upon trial of selling intoxicating liquor, it was admitted that defendant was twenty-five years and two months old at the time of the commission of the offense, she was not entitled to the benefit of suspended sentence, and there is no reversible error. It seems uniformly held that a person becomes twenty-one years of age on the day before his twenty-first birthday. Following: Linhart v. State, 33 Texas Crim. Rep., 504, and other cases.

Appeal from the District Court of Young. Tried below before the Honorable H. R. Wilson.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Binkley & Binkley,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, Judge.—Appellant pleaded guilty in the District Court of Young County to the offense of selling intoxicating liquor and was given one year in the penitentiary. The only complaint is of the refusal of the trial court to submit to the jury the issue of a suspended sentence.

It was admitted that appellant was twenty-five years and two months old at the time of the commission of the offense. Appellant contends that this brought her within the terms of subdivision 2-d of Chapter 61, Acts First and Second Called Session of Thirty-Seventh Legislature, which provides that no person over twenty-five years of age, convicted under any of the provisions of said act, shall have the benefit of the suspended sentence law. We regret that we cannot agree with appellant.

It seems uniformly held that a person becomes twenty-one years of age on the day before his twenty-first birthday. Ex parte Wood, 90 Pac. 961; Banco D. Sonora v. Bankers Mutual Casualty Co., 100 N. W. 532. In the old English case of Grant v. Grant, 4 W. & C. 256, it is stated that a person attains his twenty-five years of age when he becomes twenty-four years old. The reasoning seems to proceed along the idea that one is not said to be a given number of years old or a given number of years of age until he has finished the given year. To illustrate: A would not be one year old, as that expression is ordinarily used, until the end of the first year of his life, and, applying the same statement to the appellant herein, appellant would not be twenty-five years of age until the end of the full twenty-five years. It would seem reasonable that at any period after the end of the twenty-fifth year she would be "over twenty-five years of age." Some such reasoning is indulged in in Linhart v. State, 33 Texas Crim. Rep., 507, referred to in Branch's Ann. P. C., p. 993.

It appearing that the appellant was two months beyond the age of twenty-five years, she was not entitled to the benefit of a suspended sentence under the law above referred to.

No error appearing, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied June 30, 1924. Reporter.]