[No. B087234. Second Dist., Div. Three. May 12, 1995.]

CITY OF HUNTINGTON PARK, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GADI FLORES, Real Party in Interest.

COUNSEL

Steven N. Skolnik, City Attorney, Jonathan Bailey Lappen and Robert W. Paul for Petitioner.

No appearance for Respondent.

Paul Hoffman, Robert Mann and Donald W. Cook for Real Party in Interest.

OPINION

CROSKEY, J.—Petitioner City of Huntington Park (the City) seeks a writ of mandate which directs the respondent court to vacate its order on demurrer, which allows plaintiff Gadi Flores (Flores) to proceed with an action under 42 United States Code Annotated section 1983 (hereafter section 1983). Flores's action was filed within one year of the time Flores obtained his majority, but more than a year after the events complained of, which occurred in 1991. The City seeks to bar all claims, based on the statute of

limitations. Flores contends the statute was tolled during his minority under Code of Civil Procedure section 352, subdivision (a) (section 352(a)).[1]

We conclude, as did the trial court, that section 352(a) tolls the statute of limitations in a federal civil rights action during the plaintiff's minority, as it does in civil actions generally. Such tolling is not precluded by Code of Civil Procedure section 352, subdivision (b) (section 352(b)), which provides that section 352 does not apply to actions that are subject to the claim filing requirements of the Tort Claims Act. We accordingly deny the requested writ relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Flores's complaint, filed on April 28, 1994, alleges that City police officers used excessive and unlawful force during the arrest of Flores, then a minor, on or about May 27, 1991. Specifically, Flores alleges he was severely bitten in several parts of his body by a police dog. Flores filed a timely state tort claim, which was rejected by the City. On January 5, 1993, more than a year after rejection of the state tort claim, Flores filed a complaint in federal court. Flores attained majority on August 25, 1993. In March of 1994, he abandoned his federal action and, in its place, filed this action in state court.

The City demurred, based upon the one-year statute of limitations. Flores asserted that the statute was tolled on all federal claims for the entire period of his minority. The trial court agreed with Flores and overruled the demurrer as to his civil rights cause of action based upon excessive force, although

---

[1]Section 352 provides: "(a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action. [¶] (b) This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code. This subdivision shall not apply to any claim presented to a public entity prior to January 1, 1971."

When the complaint was filed in this action, and at the time of the events sued upon, section 352(a) applied to a person imprisoned on a criminal charge, as well as minors and the insane, and section 352 included a third subdivision, subdivision (c) which provided that subdivision (a) did not apply to actions by prisoners relating to the conditions of confinement. (See Historical and Statutory Notes, 13A West's Ann. Code Civ. Proc. (1995 supp.) § 352, p. 77.) Tolling provisions for prisoners now appear in section 352.1.

the demurrer was sustained without leave to amend as to several state causes of action.[2]

ISSUE PRESENTED

We are presented here with the question of whether section 352(b) precludes the tolling, under section 352(a), of the statute of limitations for any action against a public entity, including a federal civil rights action.

DISCUSSION

1. *Principles Governing Review.*

■ "Ordinarily, the review of a trial court's refusal to sustain a demurrer . . . would be on the abuse of discretion standard and would, in any event, rarely be considered in an application for extraordinary writ relief. [Citations.] However, where the issue is tendered, as it is here, on undisputed facts and is purely legal in nature, it calls for the court's independent appellate review [citations] and where the issue raised is one of significant legal import, relief by extraordinary writ is appropriate. [Citations.]" (*American Internat. Group, Inc.* v. *Superior Court* (1991) 234 Cal.App.3d 749, 755 [285 Cal.Rptr. 765] fn. omitted.) This case raises the purely legal question of the application of a tolling statute; moreover, the question has not previously been addressed by a California court. We have therefore granted writ review.

2. *Application of Section 352(b).*

■ The appropriate statute of limitations for an action filed in state court under section 1983 is the state's statute of limitations for actions for personal injury. (*Wilson* v. *Garcia* (1985) 471 U.S. 261, 280 [85 L.Ed.2d 254, 269, 105 S.Ct. 1938].) In California, that is one year. (Code Civ. Proc. § 340, subd. (3); *Jackson* v. *Cedars-Sinai Medical Center* (1990) 220 Cal.App.3d 1315, 1323 [269 Cal.Rptr. 877].)

■ Section 352, as enacted in 1872, suspended any statute of limitations during a plaintiff's minority. However, in 1970, the Legislature designated section 352's tolling provision as subdivision (a) and enacted section 352(b), which precluded tolling under subdivision (a) with respect to "an action against a public entity . . . *upon a cause of action for which a claim is*

---

[2]The court also sustained the City's demurrer *with* leave to amend as to three causes of action under section 1983 which the court found to be uncertain and which appeared to the court to be "throw-ins."

*required to be presented* in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 the Government Code." (Italics added.) The Law Revision Commission comment to the 1970 amendment explained that subdivision (b) was enacted "so that Section 352 . . . [would] not apply to the causes of action against a public entity or public employee *described in this subdivision.* Such actions are governed by the period of limitations specified in subdivision (a) of Section 945.6 of the Government Code." (Italics added.)

No California court has previously addressed the question of whether section 352(a)'s tolling provision applies to section 1983 suits. However, two federal courts have considered the question and have concluded the tolling provision does apply. (See *May* v. *Enomoto* (9th Cir. 1980) 633 F.2d, 164, 166-167; *Doe* v. *Petaluma City School Dist.* (N.D.Cal. 1993) 830 F.Supp. 1560, 1568-1569.) As we shall discuss, we believe the conclusion reached in those cases is correct.

The City contends that the language of section 352(b) evinces an intent on the part of the Legislature that actions against public entities, including actions under section 1983, shall not be tolled under subdivision (a). We may assume for the sake of argument that, in 1970, when the Legislature enacted section 352(b) (Stats. 1970, ch. 104, § 1, p. 323), it did have this intent. However, in 1976, the California Supreme Court decided *Williams* v. *Horvath* (1976) 16 Cal.3d 834 [129 Cal.Rptr. 453, 548 P.2d 1125] (*Williams*). In *Williams*, our Supreme Court concluded that the supremacy clause of the United States Constitution (art. VI, cl. 2) prohibits California from conditioning a right of action under section 1983 upon compliance with the Tort Claims Act. (16 Cal.3d at pp. 840-842.) This conclusion was confirmed by the United States Supreme Court in *Felder* v. *Casey* (1988) 487 U.S. 131 [101 L.Ed.2d 123, 108 S.Ct. 2302] (*Felder*), in which the federal high court ruled that under the supremacy clause and general principles of federalism, section 1983, which exists to vindicate important federally created rights, preempts state notice-of-claim statutes. (487 U.S. at p. 153 [101 L.Ed.2d at p. 147].)

The City contends that, for essentially two reasons, *Williams* and *Felder* do not alter the application of section 352(b) to federal civil rights suits. First, the City contends that, under California law, a federal civil rights claim is "a cause of action for which a claim is required to be presented" under the Tort Claims Act, even though the claims presentation requirement is preempted by federal law. Federal preemption, the City argues, renders the

claim presentation requirement "inoperative" as applied to section 1983 claims, but not "nonexistent." Secondly, whatever effect the *Williams* and *Felder* decisions have upon the Tort Claims Act, the City argues they do not affect the operation of section 352(b), because section 352(b) is part of a state statute-of-limitations tolling rule, and such rules have been held to apply to actions under section 1983. The City cites *Hardin* v. *Straub* (1989) 490 U.S. 536, 544 [104 L.Ed.2d 582, 591, 109 S.Ct. 1998], *Harding* v. *Galceran* (9th Cir. 1989) 889 F.2d 906, 908-909, and *Hood* v. *City of Los Angeles* (C.D.Cal. 1992) 804 F.Supp. 65, 66-69, for this latter proposition.[3]

We need not address the question of whether *Williams* and *Felder* in themselves, or the constitutional principles which they announce, preclude applying section 352(b) to suits under section 1983. The question is an interesting one. ■ However, we have an obligation to avoid deciding constitutional questions unless it is absolutely necessary to do so. (*People* v. *Brown* (1993) 6 Cal.4th 322, 334-335 [24 Cal.Rptr.2d 710, 862 P.2d 710]; see also *Johnson* v. *Bradley* (1992) 4 Cal.4th 389, 412 [14 Cal.Rptr.2d 470, 841 P.2d 990], conc. opn., of Kennard, J.; cf. *Rosenberg* v. *Fleuti* (1963) 374 U.S. 449, 451 [10 L.Ed.2d 1000, 1002, 83 S.Ct. 1804].) We also have an obligation to construe a statute in such a way as to avoid any doubt of its validity under the Constitution. (*Young* v. *Haines* (1986) 41 Cal.3d 883, 898 [226 Cal.Rptr. 547, 718 P.2d 909]; *Los Angeles Taxpayers Alliance* v. *Fair Political Practices Com.* (1993) 14 Cal.App.4th 1214, 1222 [18 Cal.Rptr.2d 472].) ■ These obligations are not difficult to fulfill in this case. Nor need we grapple with the rather metaphysical issue, raised by the City, of whether a claim presentation requirement "exists" respecting federal civil rights claims, although the requirement is made "inoperative" through federal preemption. The effect of the federal Constitution and federal laws need not be determined, because the Legislature has made abundantly plain, by actions which it has taken since *Williams* and *Felder* were decided, that it does *not* intend section 352(b) to abrogate section 352(a) as to suits under section 1983 which are brought by minors and insane persons.

The legislative actions to which we refer are an amendment to Code of Civil Procedure section 352 in 1986, which added subdivision (c) to the

---

[3]In two short paragraphs the City also raises the hypertechnical argument, which we cannot believe is a serious contention, that *Williams* does not preclude application of section 352(b) to a civil rights suit because the statutes listed in section 352(b) do not include the specific statute—Government Code section 945.4—which *Williams* found inapplicable in section 1983 actions. It should be obvious that section 352(b) applies to causes of action for which, as a prerequisite to filing a lawsuit, a claim is required, *by Government Code section 945.4*, to be filed in accord with the statutes that are espressly listed in section 352(b). Under *Williams* and *Felder*, an action under section 1983 is not such a cause of action.

section (Stats. 1986, ch. 1161, § 1, p. 4148), and a further amendment in 1994, which deleted subdivision (c) (Stats. 1994, ch. 1083, § 4), and reenacted its provisions as subdivision (c) of newly enacted section 352.1 (Stats. 1994, ch. 1083, § 5). Former section 352, subdivision (c), which was added by the 1986 amendment, provided that an action by a *prisoner*, including an action under section 1983, would not be tolled under subdivision (a), unless it was an action for damages. That subdivision read: "This section does not apply to an action, other than an action to recover damages or that portion of an action that is for the recovery of damages, relating to the conditions of confinement of a person described in paragraph 3 of subdivision (a), *including an action brought by that person pursuant to Section 1983 of Title 42 of the United States Code.*" (Italics added.)[4] In 1993, the Legislature further distinguished the tolling provisions applicable to prisoners from those applicable to minors and insane persons by enacting section 352.1. When that statute was enacted, subdivision (c) of section 352 was deleted, and its provisions were reenacted as subdivision (c) of the new statute.

Two cardinal rules of statutory construction are that: (1) a construction of a statute which makes some words surplusage is to be avoided, and (2) we do not presume the Legislature performs idle acts. (*Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 22 [276 Cal.Rptr. 303, 801 P.2d 1054, 20 A.L.R.5th 1016]; *People* v. *Craft* (1986) 41 Cal.3d 554, 560-561 [224 Cal.Rptr. 626, 715 P.2d 585].) It would have been a completely idle act to enact Code of Civil Procedure former section 352, subdivision (c) (now § 352.1, subd. (c)), which expressly and specifically precludes tolling of the statute of limitations for a *prisoner's* action, other than an action for damages, under section 1983 during his imprisonment, if the Legislature had then believed section 352(b) already abrogated section 352(a) as to all section 1983 actions, or if the Legislature intended that section 352(b) should have that effect. Former section 352, subdivision (c) would also have been mere surplusage if section 352(b) had that effect.

The trial court in this case thus correctly found that section 352(b) does not suspend the application of section 352(a) to actions under section 1983, and that section 352(a) tolled the statute of limitations on Flores's section 1983 cause of action. The court thus correctly overruled the City's demurrer to that cause of action.

---

[4]Prior to the 1994 amendment, subdivision (a) read: "If a person entitled to bring an action, mentioned in Chapter 3 of this title, be, at the time the cause of action accrued, either: [¶] 1. Under the age of majority; or [¶] 2. Insane; or, [¶] 3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; the time of such disability is not a part of the time limited for the commencement of the action." All references to prisoners have now been deleted from section 352.

## DISPOSITION

The alternative writ is discharged. The petition for a writ of mandate by the City is denied.

Klein, P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied May 18, 1995, and petitioner's application for review by the Supreme Court was denied August 10, 1995.