Arne **ROMSTAD**; Rhonda **Romstad**; **Melysa Romstad**, by and through her **Guardian ad Litem, Rhonda Romstad, Plaintiffs—Appellants,**

v.

**CONTRA COSTA COUNTY; Lois Rutten; Kathy Marsh; Marcia Laboeuf; Heide Wintermantel; Terri Gielgood, Defendants—Appellees.**

No. 01–16682.

D.C. No. CV–00–00789–PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided July 1, 2002.

■

Before HAWKINS and FISHER, Circuit Judges, and MOSKOWITZ, District Judge.*

### MEMORANDUM**

Arne and Rhonda Romstad, on their own behalf and on behalf of their daughter, Melysa, appeal the district court's grant of summary judgment for the defendants in their action alleging violations of 42 U.S.C. § 1983, various California laws and the federal and California constitutions based on the defendants' alleged retaliation for the Romstads' complaints about an alleged county adoption policy.

We review a grant of summary judgment de novo. *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether any genuine issues of material fact exist and whether the district court applied the relevant substantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

The Romstads argue that the district court erred in concluding that their § 1983 claims are barred by the statute of limitations. (1) *Melysa's removal.* With regard to the Romstads' cause of action concerning Melysa's removal from their home, the statute of limitations was triggered upon Melysa's return to their home on December 21, 1998. Because the Romstads did not file this action until February 2, 2000, this claim is barred by the statute of limitations. (2) *Foster care license.* Because it is unclear from the record whether the Romstads' foster care license actually was revoked or suspended outside of the temporary hold instituted with the implementation of the family maintenance plan, we cannot ascertain when the statute of limitations began to run on this claim. Given the conflicting testimony on this point, there exists a triable issue of fact for resolution at trial, precluding summary judgment. (3) *Melysa's claim.* With respect to Melysa's claim based on her own removal, the statute of limitations is tolled during her minority and will not begin to run until one year after she reaches the age of majority. *See* Cal.Code Civ. Proc. § 352; *City of Huntington Park v. Superior Court*, 34 Cal.App.4th 1293, 41 Cal. Rptr.2d 68, 72 (Ct.App.1995).

(4) *Martin's removal.* The Romstads contend that the statute of limitations was equitably tolled while they pursued a grievance through the Social Services Department challenging the removal and alternate adoption placement of foster child Martin. The statute of limitations may be tolled during the tenure of administrative proceedings which involve the same facts and defendant and where there is timely notice and a lack of prejudice to the defendant and

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**46**

reasonable good faith on the part of the plaintiff. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137 (9th Cir.2001) (en banc). The Romstads' attempt to remedy their claim concerning Martin through the administrative proceeding therefore qualifies for equitable tolling during the pendency of the grievance process, so this claim is not barred by the statute of limitations.

■ The district court erred in granting absolute immunity to Paula Hollowell for physically removing Martin from the Romstads' home. "[S]ocial workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." *Meyers v. Contra Costa County Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir.1987). Although we previously have held that a social worker is entitled to absolute immunity for the seizure of a child pursuant to a court order, *see Babcock v. Tyler*, 884 F.2d 497 (9th Cir.1989), Hollowell acted here without a court order. We conclude that Hollowell was not acting in a quasi-prosecutorial role when she actually removed Martin. However, Hollowell is entitled to qualified immunity protection for the non-judicial function of removing Martin at the direction of her supervisor. *See Meyers*, 812 F.2d at 1158.

■ The district court erred in applying California Government Code § 820.2, a state immunity statute, to the Romstads' federal claims. "Immunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations." *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir.2000). The § 1983 claims that are not barred by the statute of limitations therefore survive summary judgment.

■ The district court did not err in finding that the Department of Social Services is not a "business establishment" for purposes of the Unruh Civil Rights Act, Cal. Civ.Code § 51. Even though the phrase is to be interpreted broadly and includes "places of accommodation or amusement," we cannot conclude that a county social services department qualifies as a "business establishment" under the Unruh Act. Accordingly, summary judgment was appropriate on this claim.

AFFIRMED in part, REVERSED in part and REMANDED.

Each party to bear its own costs.