Filed 12/30/14  In re Edward C. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| In re EDWARD C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD C.,<br><br>    Defendant and Appellant. | A137899<br><br>(San Francisco County<br>Super. Ct. No. JW106101) |


Edward C. (Minor) appeals from jurisdictional and dispositional orders entered in a proceeding under Welfare and Institutions Code section 602.[1]  The court below ordered Minor to pay restitution for damage he had caused to Grammercy House and Bay Area Youth Center, which were victims of Minor's vandalism.  Minor, who was adjudicated a dependent child in 1999 and entrusted to the care of the San Francisco Human Services Agency (HSA), contends the juvenile delinquency court erred in refusing to make HSA jointly and severally liable for payment of restitution.  He argues HSA is his guardian and may therefore be held liable under section 730.7, subdivision (a).

We conclude we need not reach Minor's arguments on appeal.  Minor concedes HSA is a public entity and is thus ordinarily immune from liability except as expressly

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

1

provided by statute. But Minor makes no effort to analyze the issue of immunity, and we will not decide a novel issue of law without full briefing by the parties. We also will not reach Minor's alternative equal protection claim. This claim is forfeited because Minor did not raise it below. Accordingly, we affirm the orders from which the appeal is taken.

FACTUAL AND PROCEDURAL BACKGROUND

Since Minor challenges only the juvenile court's restitution orders, the facts of the underlying offenses are largely irrelevant to the issues on appeal, so we summarize them only briefly.

In four separate section 602 proceedings, Minor admitted having committing criminal offenses. In two of the proceedings, he admitted charges of misdemeanor vandalism. He stipulated to payment of restitution in the amount of $5,752.53 to Grammercy House and $1,725 to Bay Area Youth Center, the victims of his vandalism.

In the juvenile court Minor argued that HSA—to whose care he was entrusted upon becoming a dependent in 1999—qualified as his "guardian" under section 730.7, subdivision (a), which imposes joint and several liability for payment of restitution on "a parent or guardian who has joint or sole legal and physical custody and control of the minor[.]" Minor argued the agency was therefore jointly and severally liable for his restitution obligations.[2]

At the hearing on victim restitution, the juvenile court rejected the contention and held HSA was not liable for the restitution payments. Minor's counsel renewed the argument at a subsequent hearing. Counsel informed the court that he could not find either statutory or case law dealing with the issue, but he argued HSA should be liable because he believed it had insurance that would cover "this sort of incident." The juvenile court again denied the request.

Minor was granted probation in all four matters and required to pay restitution. He filed a timely notice of appeal on February 14, 2013.

---

[2] The argument was made orally to the court. Minor's counsel submitted no briefing on the issue in the court below.

DISCUSSION

Minor's principal claim on appeal is that HSA should be jointly and severally liable for payment of the restitution orders issued to him. We decline to reach this issue, because although Minor concedes HSA is a public entity and is ordinarily immune from tort liability, Minor completely fails to discuss or analyze the question of the entity's immunity from Minor's claim. We therefore conclude he has forfeited the issue.

I.      *Minor Has Forfeited His Argument Because He Provides No Analysis and Scant Legal Authority.*

Minor seeks to hold HSA jointly and severally liable for payment of the restitution orders issued in this case. Minor's theory is that HSA is liable under section 730.7, subdivision (a), which provides that "a parent or guardian who has joint or sole legal and physical custody and control of the minor shall be rebuttably presumed to be jointly and severally liable with the minor in accordance with Sections 1714.1 and 1714.3 of the Civil Code for the amount of restitution, fines, and penalty assessments so ordered[.]" According to Minor, once he was placed in HSA's care by the dependency court, HSA became his "guardian" for purposes of the statute, and it therefore shares liability for payment of the restitution orders.

Minor acknowledges, however, that "there are two complications in the analysis." Indeed there are. It is the second of these "complications" that most concerns us. Minor recognizes that HSA is a public entity. (Gov. Code, § 811.2 [" 'Public entity' includes . . . a county [and] public agency . . ."].) As such, Minor concedes HSA is "not liable for injuries that arise out of acts or omissions whether by the public entity, a public employee, or any other person, unless otherwise provided by statute." (Gov. Code, § 815, subd. (a); 815.2, subd. (b); see *Becerra v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450, 1457 ["In California, all government tort liability must be based on statute."].) California courts have frequently considered suits attempting to impose statutory liability on county child protective agencies such as HSA, but the courts have repeatedly held the agencies immune from liability for actions related to the placement and supervision of juvenile dependents. (See, e.g., *Thompson v. County of Alameda*

3

(1980) 27 Cal.3d 741, 749 [county immune from liability for its selection of juvenile's custodian and determination of degree of supervision]; *Ortega v. Sacramento County Dept. of Health & Human Services* (2008) 161 Cal.App.4th 713, 727 [county child protective services agency immune from liability for decision to release child from temporary protective custody]; *Jacqueline T. v. Alameda County Child Protective Services* (2007) 155 Cal.App.4th 456, 464-465, 468 [county child protective services agency immune from liability for employees' actions in investigating sexual abuse of minors].)

Despite his acknowledgement of this fundamental problem, Minor's opening brief devotes only two sentences to the problem of statutory immunity. Minor contends, "Here, the HSA is specifically charged as [his] parent. [Citations.] Under section 730.7, that status makes the HSA jointly and severally liable for victim restitution, and the court should have ordered that restitution be joint and several for [Minor] and the HSA." Such a terse and conclusory argument is insufficient to preserve an issue for appeal. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt"].) After alluding to the problem of HSA's immunity, Minor engages in no analysis of the problem, and we are unwilling to resolve such a complex issue—and to adopt the novel and unprecedented rule of liability Minor advocates—without thorough briefing and analysis.

Our decision in *In re Ashley M.* (2003) 114 Cal.App.4th 1 provides additional grounds for caution. There, we outlined the intertwined roles of the juvenile court and the county social services agency in dependency matters. (*Id*. at pp. 6-8.) We explained that in performing some of its functions, HSA serves as an arm of the court. (*Id*. at p. 8.) Because of the " 'cooperative effort' between the [social services agency] and the juvenile court" (*id*. at p. 7), we think any analysis of the issue Minor raises would need to consider whether imposing liability on HSA would in any way implicate the juvenile dependency court. (See *Christina C. v. County of Orange* (2013) 220 Cal.App.4th 1371,

4

1380 [explaining juvenile dependency court's role in placement process and noting dependency court is immune from liability].)

" 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]' [Citation.] Again, [Minor] has failed to provide more than a brief recitation of his argument on this issue, and so we decline to address it." (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) We therefore will not address Minor's claim.

II.  *Minor's Equal Protection Argument Is Forfeited Because It Was Not Raised Below.*

Minor also argues that if we conclude HSA is not jointly and severally liable to pay victim restitution, then section 730.7 is unconstitutional because it denies him equal protection of the laws. The Attorney General contends this claim is forfeited because Minor did not raise it below. We agree. (See, e.g., *People v. Hartshorn* (2012) 202 Cal.App.4th 1145, 1151 [equal protection claim forfeited by failure to raise and develop claim in trial court].)

In his reply brief, Minor concedes he did not present this argument to the trial court. Instead, he claims the issue is not forfeited because it is "one of law, presented on undisputed facts, which requires the review of abstract and generalized legal concepts." We have discretion to decide the issue despite Minor's failure to present it below. (*In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1323.) But Minor makes no effort to explain why we should exercise that discretion here. We see no reason to do so, particularly since "we have an obligation to avoid deciding constitutional questions unless it is absolutely necessary to do so." (*City of Huntington Park v. Superior Court* (1995) 34 Cal.App.4th 1293, 1299.) We therefore decline Minor's invitation to address his equal protection claim.

DISPOSITION

The orders from which the appeal is taken are affirmed.

5

 

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.