Filed 5/21/19

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| LUIS ALEXANDRO SHALABI, | |
| Plaintiff and Appellant, | E069671 |
| v. | (Super.Ct.No. CIVDS1314694) |
| CITY OF FONTANA et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County. Wilfred J. Schneider, Jr., Judge. Reversed.

Ortiz Law Group, Nolan Berggren and Jesse S. Ortiz for Plaintiff and Appellant.

Lynberg & Watkins, S. Frank Harrell, Pancy Lin and Ruben Escobedo III for Defendants and Respondents.

In a third amended complaint (TAC), plaintiff and appellant Luis Alexandro Shalabi sued defendants and respondents Fontana City Police Officer Jason Perniciaro

1

and others for a deprivation of civil rights (42 U.S.C. § 1983).[1]  The trial court dismissed Shalabi's lawsuit due to the lawsuit being barred by the statute of limitations. Shalabi contends the trial court erred by dismissing his lawsuit.  We reverse the judgment.

## FACTUAL AND PROCEDURAL HISTORY

In the TAC, Shalabi alleged that on May 14, 2011, Perniciaro wrongfully shot and killed Muhanad Shalabi, who was Shalabi's father.  Shalabi filed his original complaint on December 3, 2013.

Shalabi and Perniciaro agreed to a bench trial on the bifurcated issue of Perniciaro's statute of limitations defense.  The parties stipulated to the following facts: (1) "[Shalabi's] date of birth is December 3, 1993;" (2) "[Shalabi] reached the age of majority on December 3, 2011;" and (3) "[Shalabi] filed his original complaint in this suit on December 3, 2013."

The trial court concluded Shalabi's lawsuit had to be filed by December 2, 2013, to be within the two-year statute of limitations.  The trial court dismissed Shalabi's lawsuit due to it being filed one day beyond the statute of limitations.

## DISCUSSION

A.    <u>CONTENTION</u>

Shalabi contends the trial court erred by finding his lawsuit to be time-barred.

---

[1] We take judicial notice of the trial court's register of actions in this matter (*Shalabi v. City of Fontana et al.* (Super. Ct. San Bernardino County, case No. CIVDS1314694).  (Evid. Code, § 452, subd. (d).)

We apply the de novo standard of review to this statute of limitations issue. (*Gilkyson v. Disney Enterprises, Inc.* (2016) 244 Cal.App.4th 1336, 1340.) Shalabi's lawsuit concerned an alleged deprivation of his civil rights. (42 U.S.C. § 1983; hereinafter, § 1983.) A federal civil rights cause of action is subject to the forum state's statute of limitations for personal injury claims. (*Wallace v. Kato* (2007) 549 U.S. 384, 387 (*Wallace*).) In California, the statute of limitations for a personal injury claim is two years.[2] (Code Civ. Proc., § 335.1.)[3] While state law sets the statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." (*Wallace*, at p. 388; see also *Javor v. Taggart* (2002) 98 Cal.App.4th 795, 803.)

"Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. [Citations.] Under those principles, it is 'the standard rule that [accrual occurs] when the plaintiff has "a complete and present cause of action," ' [citation], that is, when 'the plaintiff can file suit and obtain relief.' " (*Wallace*, *supra*, at p. 388.) In other words, " 'the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages.' " (*Id.* at p. 391.)

---

[2] A section 1983 cause of action is not subject to the statute of limitations set forth in the Tort Claims Act (Gov. Code, § 945.6). (*Williams v. Horvath* (1976) 16 Cal.3d 834, 842.)

[3] All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

State law controls the tolling of the statute of limitations for a section 1983 cause of action. (*Wallace*, *supra*, 549 U.S. at p. 394; *City of Huntington Park v. Superior Court* (1995) 34 Cal.App.4th 1293, 1300.) In California, when a minor is injured, the statute of limitations is tolled until the minor reaches the age of 18 years old. (§ 352, subd. (a).) In sum, if a minor has a section 1983 cause of action, then the statute of limitations begins running on the minor's 18th birthday because that is the day the plaintiff can file suit and obtain relief. (*Wallace*, at p. 388 ["when 'the plaintiff can file suit and obtain relief' "].)

The issue before us is whether the two-year statute of limitations ran from (A) December 3, 2011, through December 3, 2013 (the anniversary method); or (B) December 3, 2011, through December 2, 2013 (the calendar method). (See *U.S. v. Hurst* (10th Cir. 2003) 322 F.3d 1256, 1259-1260 [discussing the anniversary and calendar methods of calculation].)

The California statute for calculating the last day of the statute of limitations provides, "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (§ 12.)

Shalabi's 18th birthday was the triggering event because that was the first day he could file his lawsuit. (*Wallace*, *supra*, 549 U.S. at p. 388 ["when 'the plaintiff can file suit and obtain relief' "].) Shalabi's 18th birthday was on December 3, 2011. Accordingly, we exclude December 3, 2011. (§ 12.)

We then count two years, starting with December 4, 2011. (§ 12.) Two calendar years takes us to December 3, 2013. The law requires that we include the last day as being within the statute of limitations. (§ 12.) Accordingly, the last day for Shalabi to file his complaint was December 3, 2013. Shalabi filed his complaint on December 3, 2013. Therefore, Shalabi's complaint was timely.

Section 12 sets forth a method of calculation that ultimately results in the anniversary method of calculating the final date for the statute of limitations. In sum, the final date for Shalabi to file his complaint was December 3, 2013. Shalabi met that deadline. Therefore, we will reverse the judgment.

The trial court, in finding Shalabi's lawsuit to be untimely, relied upon *Ganahl v. Soher* (1884) 2 Cal.Unrep. 415 (*Ganahl*), in which the California Supreme Court applied the calendar method. Respondents also rely on *Ganahl* in explaining why the trial court did not err.

In *Ganahl*, Henry Gordon Ganahl (Gordon) claimed title to land that had been owned by Henry Ganahl, who died intestate on May 12, 1855. Gordon asserted he was an heir of Henry Ganahl. Gordon was born on April 11, 1855. At the time of the *Ganahl* case, males reached the age of majority at 21 years old. The Supreme Court wrote that Gordon attained the age of majority at "the first minute" of April 11, 1876. Thus, at that point, Gordon "was entitled to commence an action for the recovery of whatever interest he had in the land within the period of five years thereafter." The high court explained, "In computing the period of five years we must include the eleventh day of April, 1876, because, as the plaintiff in question attained his majority the first

5

minute of that day, he had the whole of the day in which to sue; and computing that as the first day of the five years, the whole period of five years expired with the tenth day of April, 1881, and the action not having been commenced until the eleventh of April, 1881, was barred." (*Ganahl*, *supra*, 2 Cal.Unrep. at pp. 415-416.)

*Ganahl* failed to cite section 12. (*Ganahl*, *supra*, 2 Cal.Unrep. at pp. 415-416.) *Ganahl* failed to explain why it applied the calendar method, despite the statutory requirement for application of the anniversary method. *Ganahl* did explain that Gordon's birthday started the running of the statute of limitations because Gordon had the entirety of his birthday to file the lawsuit. (*Id.* at p. 416.) However, *Ganahl* did not explain how the court could create an exception to section 12, which requires the first day be excluded when calculating time. Because *Ganahl* did not cite section 12 or explain how the court could create an exception to a law created by the Legislature, we conclude *Ganahl* is not binding authority on the issue of how to calculate time under section 12. (*People v. Barragan* (2004) 32 Cal.4th 236, 243 [" '[C]ases are not authority for propositions not considered' "].)

Respondents assert that because the statute of limitations was tolled until Shalabi's 18th birthday, the clock started running the day that Shalabi turned 18. In other words, the standard rule for excluding the first day (§ 12) does not apply when the statute of limitations is tolled for a minor awaiting his/her 18th birthday.

Section 12 reflects the first day is excluded when calculating time. Respondents have not directed this court to a statute reflecting the Legislature created an exception to section 12 that would include the first day when calculating time after the statute of

6

limitations has been tolled while awaiting the plaintiff's 18th birthday. Because section 12 reflects the first day is to be excluded when calculating time, we cannot conclude that the clock started running on Shalabi's 18th birthday. If the Legislature prefers to include a plaintiff's birthday when calculating time in cases in which the statute of limitations has been tolled awaiting the plaintiff's 18th birthday, then the Legislature—not this court—must create that exception. (*Phillippe v. Shapell Industries* (1987) 43 Cal.3d 1247, 1265 [" 'Courts may not read into a statute an exception not incorporated therein by the Legislature' "]; *Lemelle v. Superior Court* (1978) 77 Cal.App.3d 148, 161 ["Courts are not authorized to create exceptions to a statute"].)

## DISPOSITION

The judgment is reversed. Appellant Luis Alexandro Shalabi is awarded his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

CERTIFIED FOR PUBLICATION

MILLER
                                                          Acting P. J.

We concur:

FIELDS
                    J.

MENETREZ
                    J.

7