Filed 9/29/23  P. v. Lozano CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE SALVADOR LOZANO,<br><br>    Defendant and Appellant. | D081432<br><br><br>(Super. Ct. No. SCD290774) |

APPEAL from an order of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed as modified.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Kathryn A. Kirschbaum, and Maxine Hart, Deputies Attorney General, for Plaintiff and Respondent.

Jorge Salvador Lozano appeals the order granting him probation after a jury found him guilty of three crimes arising out of a confrontation with law

enforcement officers. He contends a condition in the written order forbidding him to use marijuana even with a prescription must be stricken as unconstitutionally overbroad or, alternatively, as in conflict with the condition as orally pronounced by the sentencing court. We modify the written condition to make it consistent with the court's oral pronouncement and affirm the order as so modified.

BACKGROUND

San Diego police officers James Colbert and Andrew Castro were on patrol when they received a report that a man was walking along a street holding a hatchet and trying to open the doors of cars as they drove by. The officers went to the scene and found Lozano standing in an intersection holding the hatchet. When Castro commanded Lozano to drop the hatchet, he did. Refusing commands to get on the ground, Lozano aggressively advanced toward the officers; and as he approached, they saw a dagger tucked in his waistband. Colbert fired his taser at Lozano, who fell to the ground, but soon got up in defiance of commands to remain down. A scuffle ensued during which Lozano struck Colbert and attempted to strike Castro. Additional law enforcement officers arrived and subdued Lozano. A machete and a glass pipe with a white crystalline substance were found concealed under his clothing.

A jury found Lozano guilty of two counts of forcefully resisting an executive officer (Pen. Code, § 69) and one count of carrying a concealed dirk or dagger (*id.*, § 21310). At the sentencing hearing, the court stated it wanted to continue the hearing to allow the probation department to perform a full mental health workup and develop a treatment plan, but Lozano refused the continuance. The court suspended imposition of sentence and placed Lozano on formal probation for two years. Based on the nature of the

2

incident from which the current convictions arose, the discovery of the pipe with a white crystalline substance on Lozano's person when he was arrested, and his prior convictions of drug possession offenses, the probation officer recommended and the court imposed drug-related conditions in an effort to ensure Lozano's sobriety. The court told Lozano: "Don't use or possess a controlled substance without a valid prescription"; and "No marijuana use even with a medical card." (Capitalization altered.) Lozano did not object to any of the probation conditions at the sentencing hearing. The condition prohibiting marijuana use later was written into the clerk's minute order as condition No. 14.a., as follows: "No marijuana use at all even with Medical Card | Rec | Prescription."

## DISCUSSION

Lozano challenges the written probation condition on marijuana use only to the extent it prohibits such use even with a prescription. He argues that forbidding the use of a lawfully prescribed substance is unconstitutionally overbroad and infringes on his federal and state constitutional rights not to be deprived of life or liberty without due process of law (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a)) and his state constitutional right to privacy (Cal. Const., art. I, § 1). Alternatively, Lozano argues the portion of the written order prohibiting marijuana use even with a prescription is invalid because it is inconsistent with the sentencing court's oral pronouncement. He asks us to modify the order by striking that portion.

The People respond that Lozano's failure to object at the sentencing hearing forfeited any fact-dependent challenge to the condition prohibiting marijuana use. They go on to argue the prohibition of marijuana use even with a prescription is not unconstitutionally overbroad, because, they say,

3

Lozano has no constitutional right to use marijuana for medical purposes and the prohibition is reasonably related to rehabilitating him and to protecting the public by keeping him sober. The People also argue there is no conflict between the oral pronouncement and the written order, because, in their view, both prohibit marijuana use without exception. They urge us to affirm the order without modification, but "do[ ] not oppose modification of the written condition to comport with the [sentencing] court's oral pronouncement."

Because the minute order is at least arguably inconsistent with the court's oral pronouncement and because the People do not oppose a modification that would remove any inconsistency, we deem it appropriate to order the modification Lozano has requested. Generally, any discrepancy between the court's oral pronouncement at the sentencing hearing and the clerk's minute order is resolved in favor of the oral pronouncement. (E.g., *People v. Leon* (2020) 8 Cal.5th 831, 855; *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Connors* (2016) 3 Cal.App.5th 729, 734, fn. 3; *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073.) We therefore modify the written marijuana use condition to make it conform to the condition orally imposed by the court by deleting "at all" and "| Rec | Prescription" from the minute order, so that it reads, "No marijuana use even with Medical Card." In disposing of the appeal on this ground, we follow the established rule of avoiding decision of a constitutional question unless it is absolutely necessary. (See, e.g., *People v. Moran* (2016) 1 Cal.5th 398, 401-402 & fn. 2; *People v. Leonard* (1983) 34 Cal.3d 183, 187; *Swart Enterprises, Inc. v. Franchise Tax Bd.* (2017) 7 Cal.App.5th 497, 513-514; *City of Huntington Park v. Superior Court* (1995) 34 Cal.App.4th 1293, 1299.)

## DISPOSITION

The written order granting formal probation is modified by striking from condition No. 14.a. "at all" and "| Rec | Prescription," so that it reads, "No marijuana use even with Medical Card." As so modified, the order is affirmed.

IRION, J.

WE CONCUR:

O'ROURKE, Acting P. J.

RUBIN, J.

5