[Crim. No. 57.   Second Appellate District—April 30, 1907.]

## Ex Parte JULIA A. WOOD on Habeas Corpus.

STATE REFORM SCHOOL—IMPROPER COMMITMENT OF ADULT—HABEAS CORPUS.—Only minors between the ages of eight and eighteen, when found to be incorrigible, can be committed to the Whittier State Reform School.  Where an adult female has been committed thereto, as being incorrigible, she must be discharged upon writ of *habeas corpus*.

APPLICATION for writ of *habeas corpus* to the superintendent of the State Reform School.

The facts are stated in the opinion of the court.

Hugh J. Crawford, for Petitioner.

J. C. North, Deputy District Attorney of Los Angeles County, for Respondent.

SHAW, J.—Application made by Lawrence D. Wood on behalf of his daughter Julia A. Wood for a writ of *habeas corpus*, to be directed to the superintendent of the Whittier state school.

On March 16, 1907, a complaint was filed in the superior court of Los Angeles county by one A. C. Dodd, wherein it was alleged that Julia A. Wood, a female, was a minor under the age of eighteen years; that she was guilty of incorrigible conduct; and praying that she be committed to the Whittier state school. At the hearing, had on the day of filing the complaint, it was by the court adjudged that said Julia A. Wood was an incorrigible under subdivision 1 of section 20 of an act of the legislature of California entitled, "An Act to establish a State Reform School for juvenile offenders, and to make an appropriation therefor," approved March 11, 1889, and the acts amendatory thereof, and that she was a fit subject for commitment to said school; and thereupon the court, on said sixteenth day of March, 1907, made an order committing her to said Whittier state school until she arrived at the age of twenty-one years.

Among other grounds urged in support of the issuance of the writ, it is contended that said Julia A. Wood was not a minor at the date of said adjudication and commitment, and hence the court had no jurisdiction to order her committed to said institution as an incorrigible under subdivision 1 of section 20 of said act, which is as follows: ''It shall also be lawful for the said board of trustees, under such rules as they may prescribe, to receive into the care and guardianship of said institution, whenever it may be convenient so to do, minors between the ages of eight and eighteen years, committed to custody in any of the following modes: 1. Minors committed by any judge of a Superior Court of this state on the complaint, in writing, filed and due proof thereof made by the parent or guardian of such minor, showing that by reason of the incorrigible and vicious conduct or nature of such minor, he is beyond the control and power of such parent or guardian, and that from a regard for the future welfare of such minor and the protection of society, it appears that such minor should be placed in the care of such institution.''

It will thus be seen that it is only minors between the ages of eight and eighteen years who may be lawfully received under the protecting care of said institution by said board of trustees, with the further provision contained in subdivision 1, which makes it applicable to minors committed as therein provided. Clearly, the court had no right, under this provision, to adjudge said Julia A. Wood guilty of incorrigible conduct and commit her to said institution unless she was a minor. Nor did the board of trustees of said institution have any power to receive and retain her in custody, unless she was at the time of such commitment ''between the ages of eight and eighteen years.'' It appears that she is a female and was born on March 17, 1889. By section 25 of the Civil Code minors are defined as: ''1. Males under twenty-one years of age; 2. Females under eighteen years of age.'' And section 26 of the Civil Code provides that ''the periods specified in the preceding section (i. e., section 25) must be calculated from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority.'' It thus conclusively appears that the said Julia A. Wood completed the period of her minority at the commencement of the sixteenth day of March, 1907, and

that at the time of said adjudication and commitment she was of full adult age.   (*Ganahl* v. *Soher*  (Cal.), 5 Pac. 80.)

The respondent has presented no argument nor authority in justification of the action of the court, and we find no warrant in subdivision 1 of section 20, under which the proceedings were had, authorizing the commitment of adults to any such institution upon the charge that they are guilty of incorrigible conduct.   The benefits of the Whittier state school according to the title of the act as amended in 1893, were intended for juvenile delinquents only.

This conclusion renders it unnecessary to pass upon the question as to the power of the court to commit her for a period extending three years beyond the time when she arrived at adult age, as well as other questions presented by the petition.

It is, therefore, ordered that the said Julia A. Wood, on behalf of whom said application is made, be discharged.

Allen, P. J., and Taggart, J., concurred.