[Crim. No. 547.   Fourth Dist.   June 30, 1942.]

THE PEOPLE, Appellant, v. ELBERT HAYWARD DUDLEY, Respondent.

Earl Warren, Attorney General, Frank Richards, Deputy Attorney General, Tom Scott, District Attorney, and Norman F. Main and George P. McCarthy, Deputies District Attorney, for Appellant.

W. C. Dorris, C. Fleharty, Jackson Mahon and R. W. Henderson for Respondent.

MARKS, J.—Defendant was charged with the crime of rape in one count of the information and with violating the provisions of section 288 of the Penal Code in a second count, both acts alleged to have been committed on the person of the same girl. The jury disagreed on the guilt of the defendant of the alleged crime of rape so no further attention will be given to that phase of the case. He was found guilty of the other crime.

The information charged that the crime of which defendant was convicted was committed on November 3, 1941, and evidence was offered tending to show its occurrence between two and three o'clock on the afternoon of that date. The evidence

is sharply conflicting, with much evidence indicating that neither crime had been committed.

Defendant moved for a new trial on all statutory grounds of which three were urged at the hearing of the motion. The trial judge denied the motion on the grounds of improper introduction of evidence over the objection of defendant and an improper instruction, and granted the motion on the ground that the evidence failed to support the verdict, specifying as his reason that the evidence showed the prosecutrix to be fourteen years of age on November 3, 1941, so that the provisions of section 288 of the Penal Code had not been violated by the alleged acts of defendant. Plaintiff has appealed from the order granting the motion for new trial.

It is admitted that November 4, 1941, was the fourteenth anniversary of the birth of the prosecutrix. The controlling question submitted by counsel for decision here is the proper construction to be placed on section 26 of the Civil Code, which provides as follows:

"The periods specified in the preceding section must be calculated from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority."

It is admitted that the common law rule that "Full age in male or female is twenty-one years, which age is completed on the day preceding the twenty-first anniversary of a person's birth" (1 Black. Com. 497) prevails in many jurisdictions. If that rule has not been abrogated by section 26 of the Civil Code the order must be affirmed because, if the section is merely a reenactment of the common law rule, the minor was fourteen years old at the time the acts were alleged to have been committed. Under section 288 of the Penal Code the acts must have been committeed on "a child under the age of fourteen years" to constitute a crime. If the common law rule is applicable the prosecutrix was fourteen years of age on November 3, 1941, the day before the anniversary of her birth, so that the crime charged could not have been committed against her person under the provisions of section 288 of the Penal Code.

We have been cited to but two California cases directly bearing on this question. The first is *Ganahl* v. *Soher*, 2 Cal. Unrep. 415 [5 Pac. 80], decided in 1884, the opinion having been written by Mr. Justice Ross and concurred in by Mr.

Justice McKee and Mr. Justice McKinstry. The second is *Ex parte Wood*, 5 Cal. App. 471 [90 Pac. 961], decided in 1907, the opinion having been written by Mr. Justice Shaw and concurred in by Mr. Presiding Justice Allen and Mr. Justice Taggart.

In the Ganahl case it appears that Henry Gordon Ganahl was born on April 11, 1855. After quoting sections 25 and 26 of the Civil Code, the opinion proceeds:

"Under the rule prescribed by the section last quoted, Henry Gordon Ganahl became of age the first minute of the eleventh day of April, 1876, and by virtue of section 328 of the Code of Civil Procedure he was entitled to commence an action for the recovery of whatever interest he had in the land within the period of five years thereafter, but not after the expiration of that period. In computing the period of five years we must include the eleventh day of April, 1876, because, as the plaintiff in question attained his majority the first minute of that day, he had the whole of the day in which to sue; and computing that as the first day of the five years, the whole period of five years expired with the tenth day of April, 1881, and the action not having been commenced until the eleventh of April, 1881, was barred by the provisions of the statute." (The application of section 10 of the Civil Code to those facts was not considered.)

In weighing the force of this opinion it should be observed that under the reasoning of the court the cause of action was clearly barred by the five year statute of limitations regardless of the question of whether Ganahl reached his majority on April 10, 1881, or on April 11, 1881. Thus the statement in the opinion that he reached his majority on April 11, 1881, is to a certain extent dictum. The result would have been the same had it been concluded that he was 21 years of age on April 10, 1881. No authorities, other than the code sections, are cited or considered in the opinion.

*Ex parte Wood, supra,* was on a writ of habeas corpus directed to the superintendent of the Whittier State School to secure the release of Julia A. Wood who had been committed to that institution on March 16, 1907.

She was committed under an act of the Legislature approved March 11, 1889, entitled "An Act to establish a State Reform School for juvenile offenders, and to make an appropriation therefor." This act made it lawful to receive into that school minors between the ages of eight and eighteen years. Julia A.

Wood was born on March 17, 1889, so that the eighteenth anniversary of her birth fell on March 17, 1907, the day after she was committed to the institution. Thus the precise question we have here was presented to the court in that case.

· After quoting sections 25 and 26 of the Civil Code, it was said:

"It thus conclusively appears that the said Julia A. Wood completed the period of her minority at the commencement of the sixteenth day of March, 1907, and that at the time of said adjudication and commitment she was of adult age."

The only authority cited in support of that conclusion was *Ganahl* v. *Soher, supra,* which contains dictum to the contrary.

It should be observed that Oklahoma has a statute practically identical with our section 26 of the Civil Code. The Supreme Court of that state has construed that section to mean "that the statute of this state changes the common law, and a minor becomes of full age on the first minute of the anniversary of his birth." (*Bynum* v. *Moore,* 101 Okla. 128 [223 Pac. 687].)

██ We are of the opinion that section 26 of the Civil Code is merely a reenactment of the rule of the common law. The prosecutrix was born on November 4, 1927. The cycle of fourteen years was completed at the end of November 3, 1941. That day was, therefore, "the corresponding *day completing* the period . . ." of fourteen years. (Emphasis ours.) On November 4, 1941, she started her fifteenth year so her fourteenth year was completed on November 3, 1941, and under the provisions of the section she was fourteen years old on that day and defendant cannot be convicted under the clear provisions of section 288 of the Penal Code.

Having reached this conclusion it is unnecessary to consider the other errors urged by counsel for defendant.

The order granting the new trial is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 27, 1942. Curtis, J., voted for a hearing.