[No. A044923. First Dist., Div. Four. Mar. 20, 1989.]

PAUL LEROY JOHNSON, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Jeff Brown, Public Defender, Peter G. Keane, Chief Deputy Public Defender, Grace Lidia Suarez and Rafael Trujillo, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Gloria F. DeHart, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**CHANNELL, J.—**  Petitioner contends that he was not an adult at the time the offense with which he is charged was committed. We agree and hold that a juvenile attains age 18 on his birthday rather than on the day before his birthday.

Petitioner was initially charged by complaint with an offense occurring on August 12, 1988. Upon learning that petitioner was born on August 13, 1970, the municipal court suspended proceedings and the case was transferred to the San Francisco Superior Court, Juvenile Division. There a petition pursuant to section 602, of the Welfare and Institutions Code, was

filed alleging the following offenses: count 1, robbery on July 25, 1988, in violation of section 212.5, subdivision (b), of the Penal Code; count 2, possession of a controlled substance on July 25, 1988, in violation of section 11377, subdivision (a), of the Health and Safety Code; count 3, robbery on August 12, 1988, in violation of section 212.5, subdivision (b), of the Penal Code, with a great bodily injury allegation pursuant to section 12022.7, of the Penal Code. A jurisdictional hearing was held on October 25, 1988, at which count 3 was sustained and counts 1 and 2 were dismissed. The case was transferred to Stanislaus County for disposition, apparently because petitioner was already a ward of that county. Stanislaus County returned the case to San Francisco on the ground that petitioner was not a minor at the time he committed the offense. The San Francisco Juvenile Court agreed and on November 7, 1988, a complaint was filed charging petitioner with the robbery on August 12, 1988. After a preliminary hearing, an information was filed charging crimes arising from the incident on August 12, 1988. On January 4, 1989, petitioner filed a motion to dismiss pursuant to Penal Code section 995, the denial of which we review on this petition for writ of prohibition.

Welfare and Institutions Code section 602, provides that "[a]ny person who is under the age of 18 years when he violates any law of this state . . . is within the jurisdiction of the juvenile court, . . ."

Under a common understanding of the ancient common law rule, a person attains any given age on the earliest moment of the day preceding an anniversary of birth. (See Annot., Inclusion or Exclusion of the Day of Birth in Computing One's Age (1949) 5 A.L.R.2d 1143.) The logic is as follows: "A person is in existence on the day of his birth. On the first anniversary he or she has lived one year and one day." (*State* v. *Alley* (Tenn. 1980) 594 S.W.2d 381, 382.)

In 1872, the Legislature enacted Civil Code[1] section 26 which provides that the period of minority "must be calculated from the first minute of the day on which persons are born to the same minute of the *corresponding* day completing the period of minority." (Italics added.) The code commissioner's note to section 26 states that " '[t]he first second of the *preceding day* is the common law rule,' " (italics added, fn. omitted), thus suggesting to petitioner, as well as to other writers (see 17 So.Cal.L.Rev. 73 (1943)), that the Legislature intended to change the calculation by computing from birth to the *corresponding* day, instead of the *preceding* day.

---

[1] Unless otherwise indicated, all further statutory references are to the Civil Code.

The first case after the enactment of section 26 which referred to the calculation of age under this section is *Ganahl* v. *Soher* (1884) 2 Cal.Unrep. 415 [5 P. 80], in which the court followed the interpretation suggested by petitioner by stating that Henry Gordin Ganahl, who was born on April 11, 1855, "became of age the first minute of the eleventh day of April, 1876." (*Id.,* at p. 416.) In 1907 the law, as petitioner puts it, "took a strange turn." In *Ex parte Wood* (1907) 5 Cal.App. 471 [90 P. 961], the court concluded that the person in question had ended her minority on the first minute of the day *preceding* the anniversary of her birth date and therefore was 18 on the day before her 18th birthday. The only authority cited in *Ex parte Wood* was *Ganahl* v. *Soher* which, with its contrary statement, did not support the conclusion reached. However, this did not deter the next court to consider the question. In *People* v. *Dudley* (1942) 53 Cal.App.2d 181 [127 P.2d 569], the court had before it the question of when the alleged victim of a sexual attack reached the age of 14. The court described the *Ganahl* and *Wood* cases and without further analysis of these cases, announced its opinion that section 26 was merely a reenactment of the rule of the common law and concluded that the prosecutrix was 14 on the day before her 14th birthday.

The only other case to consider the calculation of age under section 26 is *People* v. *Valladares* (1984) 162 Cal.App.3d 312 [208 Cal.Rptr. 604]. There, as in the instant case, the defendant was accused of committing a robbery on the day before his 18th birthday. The defendant contended that he had not reached the age of 18 when the offense was committed and argued that *Dudley* was wrongly decided. The reviewing court remarked: "*Dudley* has been the law of this state for 42 years. The Legislature having failed in all those years to alter Civil Code section 26, we can safely assume that *People* v. *Dudley* correctly interprets the legislative intent." (*Id.,* at p. 318.) The court then, however, went on to decide that the defendant had waived the issue by failing to challenge jurisdiction and seek extraordinary writ relief and had failed to present an adequate record of the date of birth. (*Ibid.*)

Petitioner urges this court to recognize the weakness of the *Wood, Dudley* and *Valladares* cases and to hold that section 26 directs that any given age is reached on the first minute of the day corresponding to his or her birthday. We requested opposition from the Attorney General. The Attorney General replied that the People agree that the petitioner's position is consistent with section 26 and with the commonly understood meaning of age and birthday and do not oppose the petition. The Attorney General points out that age is significant in a number of criminal statutes, including Penal Code sections 261.5 (unlawful sexual intercourse—under 18), 266j (procurement

for lewd and lascivious acts—under 16), 286 (sodomy—punishment—related to age of victims and perpetrators).

We will follow the Supreme Court's interpretation of section 26 in *Ganahl* v. *Soher, supra,* 2 Cal.Unrep. 415. We recognize that the *Dudley* court characterized the interpretation in that case as dictum "to a certain extent." (*People* v. *Dudley, supra,* 53 Cal.App.2d at p. 184.) We do not agree.

■ Witkin has summarized the distinction between the holding of a case and dictum as follows: "The *ratio decidendi* is the principle or rule which constitutes the ground of the decision, and it is this principle or rule which has the effect of a precedent. It is therefore necessary to read the language of an opinion in the light of its facts and the issues raised, to determine (a) which statements of law were necessary to the decision, and therefore binding precedents, and (b) which were arguments and general observations, unnecessary to the decision, i.e., dicta, with no force as precedents. [Citations.]" (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 783, pp. 753-754.)

In *Ganahl,* the court was called upon to decide if the statute of limitations had run in an action for an interest in real property. Plaintiff had five years to bring the action from the time of attaining his majority. "Under the rule prescribed by [section 26]," the court held that plaintiff attained his majority on the first minute of April 11, 1876. Computing April 11th as the first day of the five years, "the whole period of five years expired with the tenth day of April, 1881, and the action not having been commenced until the 11th of April, 1881, was barred by the provisions of the statute." (*Ganahl, supra,* at p. 416.) If plaintiff had reached his majority on April 10th, there would not have been any issue to consider. The action would obviously have been barred on April 11, 1881. The statement that the 11th was the date on which plaintiff attained his majority is a statement of the law necessary to the decision, and therefore binding precedent.

■ Since petitioner had not reached the age of 18 at the time the charged offenses were committed and no finding of unfitness had been made, the municipal court had no jurisdiction to conduct the preliminary hearing. (Welf. & Inst. Code, § 603.) The motion to dismiss should have been granted.

We have complied with the procedural requirements for issuance of a peremptory writ in the first instance. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a writ

of prohibition issue restraining respondent superior court from taking any further proceedings in Action No. 129656 except to order dismissal of the information.

Anderson, P. J., and Perley, J., concurred.