# IN THE SUPREME COURT OF CALIFORNIA

LUIS ALEXANDRO SHALABI,
Plaintiff and Appellant,

v.

CITY OF FONTANA et al.,
Defendants and Respondents.

S256665

Fourth Appellate District, Division Two
E069671

San Bernardino County Superior Court
CIVDS1314694

July 12, 2021

Chief Justice Cantil-Sakauye authored the opinion of the Court, in which Justices Corrigan, Liu, Cuéllar, Kruger, Groban, and Jenkins concurred.

SHALABI v. CITY OF FONTANA

S256665


Opinion of the Court by Cantil-Sakauye, C. J.


The statute of limitations is a law that sets the maximum amount of time within which legal proceedings may be initiated. As established by Code of Civil Procedure section 12,[1] the general rule for computing the time by which a plaintiff must bring a cause of action is to exclude the first day of the limitations period and include the last day.

A tolling provision suspends the running of a limitations period. When a minor is injured, the statute of limitations for any claim arising from the injury is tolled until the minor reaches age 18. (§ 352, subd. (a); Fam. Code, § 6500.) We granted review in this matter to decide whether, in cases in which the statute of limitations is tolled based on the plaintiff minor's age, the day after which the tolling period ends is either included or excluded in calculating whether an action is timely filed within the limitations period.

Here, the Court of Appeal held, consistent with section 12, that a minor's 18th birthday is excluded in calculating when the statute of limitations begins to run. The appellate court acknowledged that this court had reached a different conclusion more than a century earlier in *Ganahl v. Soher* (1884) 2 Cal.Unrep. 415 (*Ganahl I*), an unreported Supreme Court

_____

[1] All subsequent undesignated statutory references are to the Code of Civil Procedure.

1

decision, but it resolved that *Ganahl I* was not controlling because that decision did not explicitly address the applicability of section 12. (*Shalabi v. City of Fontana* (2019) 35 Cal.App.5th 639, 644 (*Shalabi*).)

We agree with the Court of Appeal's conclusion that an individual's 18th birthday is excluded when calculating the applicable limitations period. As articulated in section 12, the ordinary rule for computation of time excludes the first day and includes the last. We have long held that significant public order and security considerations compel a definite and certain method of computing time. Before a given case will be deemed to fall outside the general rule, there must be a clearly expressed intention that a different method of computation was intended and provided for. No such intent, compelling reason, or direction is evident from the relevant statutory language or history.

We also agree that our decision in *Ganahl I*, *supra*, 2 Cal.Unrep. 415 is not binding, but not for the reason expressed by the Court of Appeal. This court granted hearing in bank in *Ganahl I* and issued a subsequent superseding decision, thereby vacating *Ganahl I*. And so, although defendants in this case now urge us to uphold and not "overrule" the initial decision in *Ganahl I*, there is in fact nothing to uphold or overrule, because the former decision never possessed precedential authority. Nor does the reasoning set out in that vacated decision have persuasive force. Accordingly, we affirm the judgment of the Court of Appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2013, plaintiff Luis Alexandro Shalabi filed a lawsuit against the City of Fontana and several of its police officers (collectively, defendants) asserting a deprivation

of civil rights under title 42 United States Code section 1983 (section 1983 claim). Plaintiff alleged that on May 14, 2011, one of the officers wrongfully shot and killed plaintiff's father. Plaintiff was a minor at the time of his father's death.

The parties agreed to a bifurcated bench trial (§ 1048, subd. (b)) concerning whether plaintiff's section 1983 claim was barred by the relevant two-year statute of limitations. The parties stipulated to the following facts: (1) plaintiff's date of birth is December 3, 1993; (2) plaintiff reached the age of majority on December 3, 2011; and (3) plaintiff filed his original complaint on December 3, 2013.

The trial court ruled that plaintiff's claim was time-barred because he filed suit one day outside the two-year limitations period. It found that plaintiff's 18th birthday must be included in calculating the limitations period, and, accordingly, plaintiff's lawsuit had to be filed by December 2, 2013. The court relied on the unreported decision in *Ganahl I*, *supra*, 2 Cal.Unrep. 415,[2] which, in its analysis, included the date on which the plaintiff

---

[2] Approximately 1,800 opinions rendered over the course of this court's first six decades were, through inadvertence or otherwise, not published in the California Official Reports. (See generally, 1–7 Cal.Unrep. (1913); 1 Cal.Unrep. at p. v [describing the history and highlighting "the extent to which the unreported decisions have been cited by courts and legal writers," and asserting that "the intrinsic value revealed in the opinions themselves . . . have placed the question of their importance to the practitioner beyond all controversy"].) Most of these Supreme Court cases set out in the seven volumes of California Unreported Cases remain precedential unless and until overruled. (*In re Harris* (1993) 5 Cal.4th 813, 849, fn. 18; *In re Little's Estate* (1937) 23 Cal.App.2d 40, 43 [Supreme Court cases that have not been ordered officially reported are nonetheless binding upon lower courts].)

reached the age of majority in calculating when the applicable statute of limitations period commenced after tolling during minority ended.

Plaintiff appealed, and the Court of Appeal reversed. (*Shalabi*, *supra*, 35 Cal.App.5th 639.) It held that plaintiff's 18th birthday should have been excluded pursuant to section 12 in calculating when the statute of limitations period started running after tolling during minority ended. (*Shalabi*, at pp. 643–644.) It also determined that the 1884 opinion in *Ganahl I* was not controlling in light of that decision's failure to address section 12. (*Shalabi*, at p. 644.) "Because [*Ganahl I*] did not cite section 12 or explain how the court could create an exception to a law created by the Legislature," the Court of Appeal reasoned, "we conclude [*Ganahl I*] is not binding authority on the issue of how to calculate time under section 12." (*Ibid.*) Counting two years from December 4, 2011, the day after plaintiff's birthday, the appellate court held that plaintiff's complaint was timely filed. (*Id.* at p. 643.) It observed that "[i]f the Legislature prefers to include a plaintiff's birthday when calculating time in cases in which the statute of limitations has been tolled awaiting the plaintiff's 18th birthday, then the Legislature — not this court — must create that exception." (*Id.* at p. 644.)

We granted review.

## II. DISCUSSION

A section 1983 cause of action is subject to the forum state's statute of limitations for personal injury torts. (*Wallace v. Kato* (2007) 549 U.S. 384, 387 (*Wallace*).) California's statute of limitations governing a personal injury claim is two years. (§ 335.1 ["Within two years: An action . . . for the death of . . . an

4

individual caused by the wrongful act or neglect of another"].) Federal law governs when a cause of action accrues and when the statute of limitations begins to run on a federal civil rights cause of action. (*Cabrera v. City of Huntington Park* (9th Cir. 1998) 159 F.3d 374, 379 (*Cabrera*).) Plaintiff's federal civil rights cause of action based on his father's death accrued at the time of death. (*Estate of B.I.C. v. Gillen* (10th Cir. 2013) 710 F.3d 1168, 1176.)

A tolling provision suspends the running of a limitations period. We have analogized tolling to "the stopping and restarting of a clock." (*People v. Leiva* (2013) 56 Cal.4th 498, 507.) State law controls the tolling of the statute of limitations for a federal civil rights claim. (*Wallace*, *supra*, 549 U.S. at p. 394.) In California, when a minor is injured, the statute of limitations is tolled during minority and until the minor turns 18. (§ 352, subd. (a) ["If a person entitled to bring an action . . . is, at the time the cause of action accrued . . . under the age of majority . . . , the time of the disability is not part of the time limited for the commencement of the action"]; Fam. Code, § 6500 ["A minor is an individual who is under 18 years of age. The period of minority is calculated from the first minute of the day on which the individual is born to the same minute of the corresponding day completing the period of minority"]; *In re Harris*, *supra*, 5 Cal.4th at p. 845 ["the period of minority terminates on the first minute of one's 18th birthday"].)

Thus, the two-year statute of limitations governing plaintiff's federal civil rights cause of action, triggered by the death of his father, was tolled while plaintiff was a minor. We now turn to the question of whether plaintiff's 18th birthday — the day after the tolling period ended — should be included or excluded in calculating plaintiff's final date by which to file suit.

Section 12 sets forth "the ordinary rule of computation of time." (*Ley v. Dominguez* (1931) 212 Cal. 587, 594 (*Ley*).) This section provides in full: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (§ 12.) This general statutory rule was first codified in 1850 as section 307 of the Original Practice Act[3] and has remained unchanged since its enactment in 1872. (§ 12; see *Cabrera*, *supra*, 159 F.3d at p. 379.)

Prior to the enactment of the general rule, the cases were not in agreement regarding whether the first day was included or excluded in computing a time period. (*People v. Clayton* (1993) 18 Cal.App.4th 440, 443 (*Clayton*).) "In early common law cases, where the computation was to be made from the doing of an act, the usual practice was to include the day when that act was done. [Citations.] In later cases, however, this rule of construction was gradually repudiated and the rule excluding the first day of the period was adopted. [Citation.] For more than two centuries, however, the cases were in conflict and there was no fixed rule." (*Ibid.*, fn. omitted.) Thereafter, Lord Mansfield set forth a rule that was dependent upon the context and subject matter of each case. (*Ibid.*) The general statutory rule was subsequently enacted to resolve and foreclose any otherwise inherent uncertainty in computing a time period based on the circumstances of each case. (*Id.* at p. 444.)

---

[3] Section 307 of the Original Practice Act similarly provided: "The time within which an act is done, as herein provided, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." (Stats. 1850, ch. 142, § 307, p. 455.)

A uniform rule governing the method of computing time promotes clarity and stability. (See *Ley*, *supra*, 212 Cal. at pp. 594–595.) In *Ley*, we explained that "[t]he gravest considerations of public order and security require that the method of computing time be definite and certain." (*Id.* at p. 594.) In keeping with these important policy concerns, we held that "[b]efore a given case will be deemed to come under an exception to the general rule the intention must be clearly expressed that a different method of computation was provided for." (*Id.* at p. 595; see also *In re Rodriguez* (1964) 60 Cal.2d 822, 825–826.) Put differently: "Consistent with the need for certainty in the method of computing time, a case will not be found to come under an exception to the general rule unless there is a clear expression of provision for a different method of computation." (*DeLeon v. Bay Area Rapid Transit Dist.* (1983) 33 Cal.3d 456, 460–461.)

In *Ley*, we rejected the argument that section 12 did not apply in calculating when a 30-day publication period specified in a city charter began to run. (*Ley*, *supra*, 212 Cal. at p. 594.) We elucidated: "The express language . . . of the charter is that no ordinance shall go into effect 'until' the expiration of thirty days from its publication. Properly interpreted, this would seem to mean thirty days *after* the publication, which necessarily excludes the day of publication. [¶] We can see no reason for applying to the above charter provisions a method of reckoning different from and an exception to the ordinary method of computation." (*Ibid.*)

Subsequent to our decision in *Ley*, appellate courts have held that "[a]bsent a compelling reason for a departure, [section 12] governs the calculation of *all* statutorily prescribed time periods." (*In re Anthony B.* (2002) 104 Cal.App.4th 677, 682; see

*ibid.* ["Our Supreme Court has encouraged the use of uniform rules so that the method of computing time not be a source of doubt or confusion"]; see also *Latinos Unidos de Napa v. City of Napa* (2011) 196 Cal.App.4th 1154, 1161 ["Defendants identify no clear expression of intent, or compelling reason, to except the computation of the [statutory limitations period] from the general rule of . . . section 12"]; *Clayton, supra*, 18 Cal.App.4th at p. 445, fn. omitted ["Given the unambiguous language of [the statute of limitations], the uniform method adopted by the Legislature for computing days within which an act provided by law is to be done, and our Supreme Court's encouragement that the general rule be used absent a clear intent to the contrary, we hold that the 10-day period . . . is to be computed by excluding the [first] day"]; *Mox, Inc. v. Leventhal* (1928) 89 Cal.App. 253, 256 (*Mox*) [section 12 "is a general rule for computing time, applicable to any act which is required by law, except where a statute specifically otherwise provides"].) In *Wixted v. Fletcher* (1961) 192 Cal.App.2d 706 (*Wixted*), the Court of Appeal aptly summarized the reason for the rule as follows: "[N]ot only do 'considerations of public order and security require that the method of computing time be definite and certain,' but some measure of uniformity in the law is achieved by adherence to the principles declared in [*Ley*]. Thus, for years the rule of the first day's exclusion has been applied in a variety of procedural situations . . . . There are already enough legal subtleties without adding the further refinement that one rule of time computation must be applied to certain statutes of limitation and still another to procedural situations." (*Id.* at p. 709.)

Defendants argue that an exception to the general first day exclusion rule applies when, as here, the plaintiff has the

whole of the first day to sue. They maintain that the law recognizes no fractions of a day, and the purpose of section 12's exclusion of the first day is to give parties the full measure of days to satisfy statutory deadlines. Defendants assert that when the cause of action accrues on a partially spent day, then that day is excluded under section 12; but, they maintain, when a cause of action accrues on the first minute of a day, that day should be included when calculating the running of the statute of limitations.

We are unpersuaded. Although defendants claim that section 12 was enacted to ensure that fractions of a day are not to be counted in calculating the applicable limitations period, no such purpose is apparent from the statutory language or legislative history. Instead, as our prior decisions demonstrate, the general rule for computing time was adopted to end the uncertainty inherent in deciding whether the first day is to be included or excluded based on the particular context and subject matter of each case. (See, e.g., *Dingley v. McDonald* (1899) 124 Cal. 90, 95 [conflicting decisions concerning whether the first day should be included in the computation of time was "set at rest by section 12 . . . , which requires the exclusion of the first day"]; see also *Clayton*, *supra*, 18 Cal.App.4th at p. 443 [observing that "[f]or more than two centuries [prior to the enactment of the general rule for computing time], . . . the cases were in conflict and there was no fixed rule" regarding whether to exclude or include the first day].)

The Association of Southern California Defense Counsel, amicus curiae on behalf of defendants, asserts that interpreting section 12 to exclude a plaintiff's 18th birthday would clash with the statutory definition of a year as being 365 days (Gov. Code, § 6803), because a plaintiff would have 366 days to file suit, and

thereby "thrust the statutes into inexorable conflict." Again, we are unconvinced. It is well settled that, generally speaking, if the 365th day falls on a Saturday, Sunday, or a holiday, that day is also excluded, thereby giving a plaintiff more than a "year" in which bring an action. (§§ 12, 12a, subd. (a); see, e.g., *Alford v. Industrial Acc. Commission* (1946) 28 Cal.2d 198, 200; *Mox, supra,* 89 Cal.App. at p. 257.) We do not discern any serious difficulty for the lower courts in calculating such a limitations period.

Amicus curiae also asserts that section 12's exclusion of the first day is "inextricably linked to the law's refusal to recognize fractional days" and that there is no reason to apply the general rule when a person attains the age of majority because an individual always turns 18 on the first minute of his or her birthday. However, the statute instructs that "[t]he time in which any act provided by law is to be done is computed by excluding the first *day* . . . ." (§ 12, italics added.) It does not limit the first day exclusion rule to partially spent days. If the Legislature wished to exclude only fractional days, it could have easily so stated. In light of the plain language of the statute, which has remained unchanged since its enactment in 1872 and does not limit its application to a first "partial" day, we cannot conclude that the first day to sue should be exempted from the general rule, and therefore counted, when it is a "whole" day. Moreover, the legislative history indicates that the general rule for computing time was enacted to achieve uniformity and certainty. In our view, the significant goals of ensuring order and security weigh in favor of applying the general rule governing computing time to calculating the applicable statute of limitations period after tolling based on minority ends.

We continue to adhere to our holding in *Ley,* that an exception to the ordinary rule for computation of time must be clearly expressed in the limitations statute. (*Ley*, *supra*, 212 Cal. at p. 595.) Turning to the statutory provisions at issue in this case, we perceive no such expression of an intention to depart from the general rule for computation of time. The statute of limitations regarding a wrongful death claim simply requires that the action be brought "[w]ithin two years." (§ 335.1.) It is well settled that when the limitations provision requires that an action be brought "within" a specified time, the first day of that period is excluded, as required by section 12. (See, e.g., *Scoville v. Anderson* (1901) 131 Cal. 590, 594 [excluding first day in calculating whether an action was taken "within a month"]; *Wixted*, *supra*, 192 Cal.App.2d at pp. 707–709.) Similarly, the language of the age-based tolling statute provides no indication that the Legislature intended to include the first day after the tolling period ends in calculating the statute of limitations deadline to file suit. (§ 352, subd. (a).) Section 352, subdivision (a) provides that the time during which a plaintiff is under the age of majority "is not part of the time limited for the commencement of the action." Defendants do not identify a clear expression of intent concerning the applicable limitations period or tolling provision sufficient to justify excepting the computation of that time from the general rule of section 12.

Indeed, the legislative history of section 352 most reasonably supports an argument that section 12, properly construed, excludes the day a minor reaches the age of majority. In enacting this tolling statute in 1872, the Legislature was focused on preserving the rights of children during minority. (*Williams v. Los Angeles Metropolitan Transit Authority* (1968)

68 Cal.2d 599, 602 [explaining that § 352, subd. (a) "effectuate[s] a deep and long recognized principle of the common law and of this state:  children are to be protected during their minority from the destruction of their rights by the running of the statute of limitations"]; *Barker v. Garza* (2013) 218 Cal.App.4th 1449, 1462 [recognizing "the strong public policy in protecting minors from the sometimes harsh application of statutes of limitations"]; see also Inclusion or Exclusion of First and Last Day for Purposes of Statute of Limitations (1952) 20 A.L.R.2d 1249, § 2 ["The general policy of the law to protect rights and prevent forfeitures has also been found to be applicable to the computation of time under statutes of limitation"].)  In *West Shield Investigations & Security Consultants v. Superior Court* (2000)  82 Cal.App.4th 935, the Court of Appeal succinctly described the rationale for the age-based tolling provision as follows:  " 'Because a minor does not have the understanding or experience of an adult, and because a minor may not bring an action except through a guardian . . . special safeguards are required to protect the minor's right of action.'  [Citation.] Therefore, statutes of limitations are tolled to protect the minor's rights from being destroyed during the period of disability.  [Citations.]  The tolling provision is not easily overcome."  (*Id.* at p. 947.)

Consistent with the principles effectuated by section 352, subdivision (a), by allowing a minor to exclude the first day on which he or she could personally sue (i.e., without a guardian) — the individual's 18th birthday — from the applicable limitations period, the law better serves to protect a minor's rights.  Not only does such a construction ensure that a plaintiff minor receives the same first day exclusion benefit as a plaintiff adult whose cause of action has accrued, but it also avoids creating an

exception to the generally applicable rule that could become a source of confusion and error. Defendants do not identify any similarly significant objectives that would be achieved by allowing a different method of computation under the circumstances.

Citing our unreported decision in *Ganahl I*, defendants maintain that this court has already concluded that an exception to the general rule for computation of time applies after the tolling period based on minority ends and that the Court of Appeal erred by not following *Ganahl I*. Defendants recount that in *Ganahl I*, Henry Gordon Ganahl (Gordon) claimed title to land that had been owned by Henry Ganahl, who died intestate. (*Ganahl I*, *supra*, 2 Cal.Unrep. at pp. 415–416.) The cited decision held that Gordon's lawsuit was barred by the statute of limitations. (*Id.* at p. 416.) It observed that Gordon became of age "the first minute of the eleventh day of April, 1876," and therefore "he was entitled to commence an action for the recovery of whatever interest he had in the land within the period of five years thereafter, but not after the expiration of that period." (*Ibid.*) The opinion reasoned: "In computing the period of five years we must include the eleventh day of April, 1876, because, as the plaintiff in question attained his majority the first minute of that day, he had the whole of the day in which to sue; and computing that as the first day of the five years, the whole period of five years expired with the tenth day of April, 1881, and the action not having been commenced until the eleventh of April, 1881, was barred by the provisions of the statute." (*Ibid.*) Although section 12 was enacted more than a decade before the 1884 *Ganahl I* decision, the opinion in *Ganahl I* does not consider the role of, or even mention, this general rule governing computation of time.

Putting aside the question of whether the *Ganahl I* decision stands for the proposition that, notwithstanding section 12, the day after minority tolling ends is included in calculating the applicable limitations period, we conclude that *Ganahl I* has no precedential authority.  As defendants acknowledge, we granted the plaintiffs' "Petition for Hearing in Bank" in that case and subsequently filed a superseding opinion, *Ganahl v. Soher* (1885) 68 Cal. 95 (*Ganahl II*).  In *Ganahl II*, we again upheld the trial court's ruling against Gordon — but this time on the basis of a three-year, rather that the five-year, statute of limitations.  (*Id.* at p. 96 ["At the time of sale the plaintiff, Henry Gordon Ganahl, was a minor, but he attained his majority more than three years before the commencement of this action"].)  Unlike the initial decision in *Ganahl I*, our subsequent opinion in *Ganahl II* did not mention, let alone address, whether Gordon's 21st birthday was included in calculating the applicable limitations period.  (Compare *Ganahl I*, *supra*, 2 Cal.Unrep. at p. 416 with *Ganahl II*, *supra*, 68 Cal. at p. 96.)

The constitutional provisions applicable at the time of the *Ganahl* proceedings make clear that our decision in *Ganahl I* was vacated as a matter of law and has never had any precedential authority.  Article VI, section 2 of the California Constitution of 1879 established the court's structural practice (abandoned five decades later) of operating in two three-justice "departments," each with "the power to hear and determine causes."  This section provided that either the Chief Justice or any four justices may, "before or after judgment by a department, order a case to be heard in bank."  (*Ibid.*)  Significantly, this section also specified that an order for a hearing in bank "shall have the effect to *vacate and set aside the*

[*prior*] *judgment.*" (*Ibid.*, italics added.) Thus, *Ganahl I* is not — and never has been — a binding decision of this court.

Indeed, our case law, both well before and at the time this court ordered hearing in bank following *Ganahl I*, reflects this fundamental rule of appellate procedure. In *Argenti v. City of San Francisco* (1860) 16 Cal. 255, Chief Justice Field explained, in the course of denying rehearing in that matter: "[W]hen a rehearing is granted, the opinion previously delivered falls, unless reaffirmed after the reargument. Until such reaffirmance, the opinion never acquires the force of an adjudication, and is entitled to no more consideration than the briefs of counsel. The opinion subsequent to the reargument constitutes the exposition of the law applicable to the facts of the case, and the only one to which the attention of the Court can be directed." (*Id.* at p. 276.) Likewise, in *Gray v. Cotton* (1913) 166 Cal. 130, 138, we held that it was error for the appellants to rely on a department decision "which never became final, but was vacated by an order directing a hearing in Bank," and "[t]he court in Bank subsequently reached a different conclusion from that announced in department" (*id.* at pp. 138–139). And in *Miller & Lux v. James* (1919) 180 Cal. 38, 48, we explained that an initial decision rendered on appeal was vacated by the order granting a rehearing. We noted that even if the order granting such rehearing limited the argument to a specific issue, "the order, nevertheless, vacated the previous opinion and judgment and set the whole matter at large." (*Ibid.*)[4]

---

[4] See also *In re Jessup* (1889) 81 Cal. 408, 462 [when the court grants rehearing, this "put[s] the case in the same position as if it had never been decided or submitted"]; *Poppe v. Athern*

As summarized by Witkin: "An order granting a rehearing vacates the decision and any opinion filed in the case and sets the cause at large in the Supreme Court. (Cal. Rules of Court, rule 8.536(e).) The old opinion, though previously printed in the advance sheets and California Reporter or Pacific Reporter, is wholly superseded, and never appears in the final official volumes of California Reports or California Appellate Reports. (*Miller & Lux v. James*[, *supra,*] 180 Cal. [at p. 48], 179 P. 174, 175.)" (13 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 948, p. 1004; *Morgan v. Stubblefield* (1972) 6 Cal.3d 606, 624 ["The granting of a rehearing had the effect of vacating the decision and eliminating the rule of law upon which [the party] relied"]; *Bell v. Board of Supervisors* (1976) 55 Cal.App.3d 629, 634 ["An opinion is superseded by an order granting rehearing and the rule of law set forth therein is thereby eliminated"].)

Nevertheless, various past appellate decisions (including by this court) in addition to the one we review here have failed to apprehend this rule's application with respect to *Ganahl I* and have purported to give precedential effect to that decision.[5] We

---

(1872) 42 Cal. 606, 610 [reporter's note: "After a rehearing the first opinion is understood to be no longer the opinion of the Court, unless it is adopted in the subsequent opinion"]; *Carpentier v. Small* (1868) 35 Cal. 346, 364 [observing that "[t]he former judgment of this case, so far as it relates to the defendants . . . , to whom a rehearing was granted, is vacated"].

[5] See, in chronological order, *Ex Parte Wood* (1907) 5 Cal.App. 471, 473 [citing the *Ganahl I* decision and purporting to follow it regarding computation of age of majority], abrogated by *In re Harris, supra,* 5 Cal.4th at p. 850; *Bynum v. Moore* (Okla. 1923) 223 P. 687, 690–691 [citing the *Ganahl I* decision regarding computation of age of majority]; *People v. Dudley*

SHALABI v. CITY OF FONTANA

Opinion of the Court by Cantil-Sakauye, C. J.

have no doubt that this lapse may be attributed, in part, to the fact that services such as Westlaw and LexisNexis's Shepard's Citations Service do not show the relevant subsequent or prior history with regard to either the initial decision in *Ganahl I* or the superseding decision in *Ganahl II*. Nevertheless, it is plain that *Ganahl I*, having been reheard by this court before it became final and superseded by *Ganahl II*, was vacated and *never* had precedential effect — as we now recognize, better late than never. To the extent the published appellate decisions cited *ante*, footnote 5, contain language inconsistent with our conclusion that *Ganahl I* is not precedential, we disapprove of them.

Nor, for the reasons expressed above, do we find the reasoning set out in *Ganahl I* to be independently persuasive. We reject the approach to calculating commencement of the statute of limitations articulated in that decision and instead endorse and apply the rule set out in section 12 — that is, we exclude the first day of the limitations period and include the last day.

Defendants urge us to follow the decisions of other jurisdictions that have included the first date after age-based tolling ends when calculating the limitations period, relying

---

(1942) 53 Cal.App.2d 181, 183–185 [same], abrogated by *In re Harris*, at p. 850; *Justus v. Atchison* (1977) 19 Cal.3d 564, 576 [same]; *Johnson v. Superior Court* (1989) 208 Cal.App.3d 1093 [same]; *In re Harris*, at pp. 845–850 & fn. 18 [discussing *Ganahl I* decision regarding computation of age of majority and affirming that merely because it was not officially published does not undermine its precedential authority]; *Cabrera, supra,* 159 F.3d at p. 379 ["Despite its age, the *Ganahl* [*I*] holding is still good law"].

primarily on *Phelan v. Douglass* (N.Y. 1855) 11 How.Pr. 193. There, the New York Court of Appeals held that the ordinary rule of computing time, similar to California's section 12, did not apply when calculating the limitations period after tolling based on minority ends. (*Phelan*, at p. 196.) It explained that the reason for the rule excluding the first day was that "the law will not take notice of fractions of a day, . . . [b]ut the reason of the rule ceases whenever the party affected has the whole and entire day." (*Ibid.*) The *Phelan* court concluded that "[w]henever the whole day, and *every moment* of it, can be counted, then it should be; whenever, if counted, the party would, in fact, have but a *fractional part of it*, then it should not be counted." (*Ibid.*) The Texas Supreme Court similarly held that the general rule excluding first day did not apply to limitations period that ran after a minor attained his or her majority because the minor "could have instituted his suit at any moment of that day." (*Ross v. Morrow* (Tex. 1892) 19 S.W. 1090, 1091; see also *Pate v. Thompson* (Tex.Ct.App. 1944) 179 S.W.2d 355, 356.)

As defendants acknowledge, however, other states that have more recently addressed the issue have reached a different conclusion. For example, in *Nelson v. Sandkamp* (Minn. 1948) 34 N.W.2d 640 (*Nelson*), the Minnesota Supreme Court held that the ordinary rule for computing time, which excludes the first day and includes the last, applies in calculating the applicable limitations period after age-based tolling ends. (*Id.* at p. 643.) It specifically rejected the defendant's argument that because "the reason for the application of the rule at common law is that the law takes no notice of fractions of days," it should follow "that the rule . . . should not be applied here, in that plaintiff had the whole, and not a mere fraction, of the day" to sue. (*Ibid.*) The court determined that " '[i]nasmuch as the

certainty of a rule is of more importance than the reason of it, we think the legislature intended by [the statute setting forth the general rule] to put an end to all this confusion and uncertainty by adopting a uniform rule for the computation of time alike applicable to matters of mere practice and to the construction of statutes.' " (*Ibid.*) The Alaska Supreme Court has similarly held that the ordinary method for computing time periods applies after age-based tolling ends, reasoning that "attainment of the age of majority is analogous to other events that trigger running of time periods; the limitation period excludes the day of the event (attainment of majority), and includes the last day in the period . . . ." (*Fields v. Fairbanks North Star Borough* (Alaska 1991) 818 P.2d 658, 661; see also *Mason v. Board of Educ. of Baltimore County* (Md.Ct.App. 2003) 826 A.2d 433, 438 [court applied common law "coming of age" rule, in which a minor becomes an adult one day before the minor's 18th birthday; nevertheless, the date of removal of the disability (the day before the minor's 18th birthday) was excluded from the statute of limitations period under the general rule for computation of time].)

We are in accord with the high courts of Minnesota and Alaska. More than a century ago, the Legislature enacted section 12 to exclude the first day in calculating the applicable limitations period. A general rule governing the computation of time serves to promote order and certainty. Even assuming, as defendants suggest, that section 12's first day exclusion rule was originally meant only to exclude partial days, we agree with the Minnesota Supreme Court that "certainty and uniformity in the application of the rule for the computation of time is of more importance than the reason for its application at common law." (*Nelson, supra,* 34 N.W.2d at p. 643.) And, as noted above,

applying section 12 to exclude a plaintiff's birthday in calculating a limitations period after age-based tolling ends under section 352, subdivision (a) serves to protect the rights of minors. By contrast, allowing an exception to the general rule when a plaintiff reaches the age of majority would punish the minor plaintiff whom section 352 is meant to protect.

Therefore, in cases in which the statute of limitations is tolled based on a plaintiff minor's age, as set forth in section 12, the day after tolling ends is excluded in calculating whether an action is timely filed.

We now apply the holding to the facts of this case. Under section 352, subdivision (a), the statute of limitations was tolled during the time when plaintiff was a minor. His 18th birthday — December 3, 2011 — was the triggering event because that was the first day he was no longer a minor. Excluding this date and including the last date two years later, plaintiff was required to file suit no later than December 3, 2013. (§ 335.1.) He did so. His lawsuit was therefore timely filed.

## III. DISPOSITION

We affirm the judgment of the Court of Appeal.

**CANTIL-SAKAUYE, C. J.**

**We Concur:**

**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Shalabi v. City of Fontana

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 35 Cal.App.5th 639
**Review Granted (unpublished)**
**Rehearing Granted**


_____


**Opinion No.** S256665
**Date Filed:** July 12, 2021

_____


**Court:** Superior
**County:** San Bernardino
**Judge:** Wilfred J. Schneider, Jr.

_____


**Counsel:**

Ortiz Law Group, Jesse S. Ortiz, Nolan Berggren and Andres Salas for Plaintiff and Appellant.

Lynberg & Watkins, S. Frank Harrell, Pancy Lin, Ruben Escobedo III and Jesse K. Cox for Defendants and Respondents.

Horvitz & Levy, Steven S. Fleischman, Scott P. Dixler and Sarah E. Hamill for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Defendants and Respondents.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Jesse Ortiz
Ortiz Law Group, APC
1510 J Street, Suite 100
Sacramento, CA 95814
(916) 443-9500

S. Frank Harrell
Lynberg & Watkins, APC
1100 Town & Country Road, Suite 1450
Orange, CA 92868
(714) 937-1010

Scott P. Dixler
Horvitz & Levy LLP
3601 West Olive Avenue, 8th Floor
Burbank, CA 91505
(818) 995-0800