Filed 10/27/22  P. v. Renteria CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B318116 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA038347) |
| v. | |
| RONALD DAVE RENTERIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan C. Dominguez, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Ronald Dave Renteria appeals the denial of his motion for resentencing under former Penal Code section 1171.1 (current section 1172.75).[1]  In 1998, appellant was convicted of two felony offenses and sentenced under the three strikes law to an aggregate term of 69 years to life, including two one-year enhancements under section 667.5, subdivision (b) for prior prison terms.  In January 2022, former section 1171.1 went into effect, retroactively invalidating one-year enhancements like appellant's, which were not based on sexually violent offenses.  The statute established a resentencing procedure under which any defendant serving a term that includes a newly invalid enhancement shall be identified to the sentencing court by the defendant's custodian and resentenced no later than December 31, 2023.  The statute made no mention of a defendant requesting resentencing by motion or otherwise.  Appellant nevertheless filed a motion for resentencing.  Presumably relying on the absence of statutory authorization for appellant's motion, the trial court

_____

[1]     Undesignated statutory references are to the Penal Code.

2

summarily denied the motion on the ground that he lacked standing.

On appeal, appellant contends the court erred in denying his motion for resentencing. Anticipating the Attorney General's argument that the denial order is nonappealable because the court lacked jurisdiction to modify the final judgment, appellant argues the court had jurisdiction to resentence him under the unauthorized sentence doctrine. In the alternative, appellant requests that we treat his appeal as a petition for a writ of habeas corpus. The Attorney General responds: (1) as held in *People v. King* (2022) 77 Cal.App.5th 629 (*King*), review denied July 27, 2022, the unauthorized sentence doctrine does not confer jurisdiction on a court to resentence a defendant after the judgment has become final; and (2) we should decline to treat the appeal as a habeas petition because the statutory resentencing procedure is an adequate remedy. Agreeing with *King* and the Attorney General, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

In 1998, a jury convicted appellant of carjacking with use of a firearm and escape from custody. In a bifurcated proceeding, the trial court (Judge Theodore D. Piatt) found true allegations that, inter alia, appellant had served prior prison terms for burglary and possession of a controlled substance. The court sentenced appellant to an aggregate term of 69 years to life, including two one-year

3

enhancements under section 667.5, subdivision (b) for his prior prison terms. We affirmed.[2] (*People v. Renteria* (Oct. 26, 2000, No. B129379) [nonpub. opn.].)

In January 2022, appellant filed a motion for resentencing under newly enacted section 1171.1, arguing the statute invalidated his two one-year enhancements. Without holding a hearing, the trial court (Judge Juan C. Dominguez) issued a minute order denying the motion, stating: "The defendant does not have standing to bring [a] motion under Penal Code section 1171.1." Appellant filed a notice of appeal from the denial order.[3]

## DISCUSSION

Appellant contends the trial court erred in denying his motion for resentencing under former section 1171.1 (current section 1172.75). (See Stats. 2022, ch. 58, § 12, eff. June 30, 2022 [amending and renumbering former section 1171.1].) Section 1172.75, subdivision (a) declares "legally invalid" any one-year enhancement under section 667.5, subdivision (b)

---

[2] Soon after, the judgment became final. (See *People v. Padilla* (2022) 13 Cal.5th 152, 162 ["a judgment becomes final "'where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed'""].)

[3] In the proofs of service for appellant's motion and notice of appeal, he declared he was incarcerated in a state prison (within the custody of the California Department of Corrections and Rehabilitation (CDCR)).

4

that was imposed before January 2020 and not based on a sexually violent offense.  Section 1172.75, subdivisions (b) and (c) establish a two-step resentencing procedure for every incarcerated defendant subject to a newly invalid enhancement.  First, no later than July 1, 2022, the Secretary of the CDCR and the county correctional administrator of each county were required to identify each such defendant in their custody and to provide identifying information about the defendant and the defendant's case to the sentencing court that imposed the enhancement.  (§ 1172.75, subd. (b).)  Second, "[u]pon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).  If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  The court's review and resentencing shall be completed no later than December 31, 2023 (or earlier for defendants who have already served their base terms and any other enhancements).  (*Ibid.*)  Section 1172.75 makes no mention of a defendant requesting resentencing by motion or otherwise.

Anticipating the Attorney General's argument that the order denying his motion under former section 1171.1 is nonappealable, appellant argues his appeal is proper, and requests in the alternative that we treat his appeal as a petition for a writ of habeas corpus.  We address

appealability and appellant's request for habeas treatment in turn.

### A. This Court Lacks Jurisdiction Over the Appeal

Appellant contends that under the unauthorized sentence doctrine, the trial court had jurisdiction to grant his motion for resentencing under former section 1171.1, and we thus have jurisdiction over his appeal from the motion's denial. Appellant concedes, however, that his appeal is not "operative" if we follow the reasoning and holding in *King*, *supra*, 77 Cal.App.5th 629. As explained below, we find *King* persuasive and therefore dismiss the appeal for lack of jurisdiction.

"The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*King*, *supra*, 77 Cal.App.5th at 634.) This jurisdictional rule is subject to exceptions; for instance, even after a judgment is final, the court retains jurisdiction to resentence the defendant pursuant to "specific statutory avenues for incarcerated defendants to seek resentencing in particular cases," or pursuant to a "properly filed" habeas petition. (*Id.* at 637.) In *King*, however, our colleagues in Division Two held that the unauthorized sentence doctrine is *not* one of

6

these exceptions to the jurisdictional rule. (*Ibid.*) Under that doctrine, an unauthorized sentence -- i.e., a sentence that could not lawfully be imposed under any circumstance in the particular case -- may be corrected "'at any time.'" (*Id.* at 634, 641, fn. 8.) But our Supreme Court has explained that the doctrine is an exception to the forfeiture rule barring the assertion of sentencing claims for the first time on appeal, "not [an exception] to the requirement that a court must have jurisdiction before it may act." (*Id.* at 635, citing *In re G.C.* (2020) 8 Cal.5th 1119, 1129.) Relying on this Supreme Court authority, *King* concluded that "the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of the sentence has begun."[4] (*King*, at 641-642.)

We agree with the reasoning and holding in *King* and reject appellant's argument that *King* was wrongly decided. Appellant's reliance on *In re G.C.* is misplaced, as this was

---

[4]    The trial court in *King* imposed an unauthorized sentence of six years on a conviction for which the lawful sentencing range was five, seven, or nine years. (*King*, *supra*, 77 Cal.App.5th at 633.) After the judgment became final, the defendant filed a motion to vacate his sentence, which the trial court denied. (*Ibid.*) The appellate court dismissed the defendant's appeal for lack of jurisdiction, concluding the trial court lacked jurisdiction to modify the final judgment, even though the sentence was unauthorized. (*Id.* at 633, 639-642.)

7

the very authority on which *King* reasonably relied in concluding the unauthorized sentence doctrine does not itself create jurisdiction. (See *In re G.C., supra,* 8 Cal.5th at 1129-1130 [agreeing with Court of Appeal that unauthorized sentence doctrine "is an exception to the waiver doctrine [citation], not to the jurisdictional requirement of a timely notice of appeal," and adding that "the court must have jurisdiction" over judgment to invoke unauthorized sentence doctrine (italics omitted)].) Appellant's remaining cases predated *In re G.C.* and did not address a court's jurisdiction to modify a final judgment. (See *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [unauthorized sentence may be corrected by trial court even though appeal is pending]; *People v. Scott* (1994) 9 Cal.4th 331, 354 ["the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal"]; *People v. Serrato* (1973) 9 Cal.3d 753, 764 [after unauthorized sentence is set aside, more severe sentence may be imposed if otherwise proper], disapproved on another ground by *People v. Fosselman* (1983) 33 Cal.3d 572; *In re Harris* (1993) 5 Cal.4th 813, 840 [addressing procedural bar to habeas claims], disapproved on another ground by *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842.)

In sum, because appellant's judgment became final before he filed his motion for resentencing under former section 1171.1, we conclude the trial court lacked jurisdiction to grant the motion. Accordingly, we lack jurisdiction over

8

his appeal from the motion's denial.  (See *King, supra*, 77 Cal.App.5th at 634.).

### B. We Decline to Treat the Appeal as a Habeas Petition

"'Habeas corpus is an "extraordinary remedy." [Citation.]'  [Citation.]  As a general rule, it 'may not be invoked where the accused has [an adequate] remedy under the orderly provisions of a statute designed to rule the specific case upon which he relies for' relief [citation], at least when the remedy at law is 'well suited, in ordinary circumstances, to enforc[e]' or vindicate the right being asserted [citation]."  (*In re Kirchner* (2017) 2 Cal.5th 1040, 1052; accord, *Michelle K. v. Superior Court* (2013) 221 Cal.App.4th 409, 433 ["habeas corpus is appropriate only when there are no other available and adequate remedies; it may not be used to avoid otherwise available and adequate remedies"].)  In *In re Cook* (2019) 7 Cal.5th 439 (*Cook*), a Court of Appeal granted a defendant's habeas petition seeking a "*Franklin* hearing," i.e., a hearing to preserve evidence of youth-related factors the Supreme Court had held relevant at youth offender parole hearings in *People v. Franklin* (2016) 63 Cal.4th 261.  (*Cook*, at 446-448.)  Our Supreme Court reversed and remanded with instructions to deny the habeas petition.  (*Id.* at 448, 460.)  Reasoning that a *Franklin* hearing was available by motion under section 1203.01 (as supplemented by the courts' inherent powers), the Court concluded: "Because section 1203.01 provides an

9

adequate remedy at law to preserve evidence of youth-related factors, resort to a petition for writ of habeas corpus is unnecessary, at least in the first instance." (*Id.* at 447.)

We decline appellant's invitation to treat his appeal as a habeas petition. Resort to such a petition is unnecessary because appellant has an adequate remedy under the express provisions of the very statute that created his asserted right to resentencing, viz., section 1172.75. Pursuant to section 1172.75's resentencing procedure, appellant will be resentenced no later than December 31, 2023. (See § 1172.75, subds. (b)-(c).) Appellant does not suggest that granting him habeas relief in advance of the December 2023 deadline would result in his earlier release or any other practical benefit.[5] We therefore conclude appellant has an adequate remedy "under the orderly provisions of a statute designed to rule" this type of case, rendering the """extraordinary""" remedy of habeas corpus unnecessary. (*In re Kirchner*, *supra*, 2 Cal.5th at 1052; see also *Cook*, *supra*, 7 Cal.5th at 447-448, 460.)

We are not persuaded by appellant's assertion that section 1172.75's resentencing procedure -- which he characterizes as the "CDCR state prison review" -- is inapplicable to defendants in the custody of county jails. Section 1172.75 expressly requires not only the Secretary of

---

[5] Even were we to strike appellant's two one-year enhancements, his aggregate sentence (imposed 24 years ago) would remain 67 years to life.

the CDCR but also "the county correctional administrator of each county" to identify for resentencing all eligible defendants in "their" custody.  (§ 1172.75, subd. (b).)  More important, appellant himself is in the custody of the CDCR and thus entitled to resentencing under the statutory procedure even pursuant to his interpretation.  In sum, because appellant fails to show his statutory remedy is inadequate, we decline his invitation to treat his defective appeal as a petition for the extraordinary remedy of habeas corpus.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.