Filed 10/6/23 P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081764 |
| v. | (Super.Ct.No. INF065609) |
| CONCEPCION RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Concepcion Rodriguez, in pro. per.; Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Concepcion Rodriguez filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. After defendant filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting we exercise our discretion to independently review the record for error, and identifying two potentially arguable issues: (1) whether the court prejudicially erred in denying defendant's petition without requiring the parties to brief the matter; and (2) whether the court erred in failing to issue a written statement of its reason for denying the petition.

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[2] Defendant maintains the jury instructions and the jury's murder-kidnaping special circumstance finding do not preclude his eligibility for relief, he challenges the trial court's failure to give a unanimity instruction, he challenges the jury's verdicts, and he requests that we independently review the record for error. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND[3]

After rumors circulated that the victim raped defendant's girlfriend, defendant repeatedly asked his girlfriend if the rumors were true; she denied it.  During that day and evening, defendant beat her, threatened her with a handgun, tied her wrists with zip ties, and put her into a closet in their apartment.  After defendant pointed a gun to her head, in fear of being shot, she falsely told him the victim had raped her.  (*Rodriguez I*, *supra*, E054701.)

Defendant went to the victim's apartment with a gun in his waistband, where, while waiting for the victim to arrive, he made "cuff-like" shapes out of zip ties he had in his pocket.  A witness heard the victim say, "Dude, if you are going to shoot me, then shoot me."  Defendant escorted the victim, whose hands were bound with zip ties, to a car in which they drove back to defendant's apartment.  (*Rodriguez I, supra,* E054701.)

Defendant's girlfriend saw the victim kneeling on the floor of the bedroom with his hands bound behind him.  Defendant, holding a handgun, asked his girlfriend whether the victim had raped her.  He told her either she or the victim was going to be "getting it" if she did not tell the truth.  She apologized to the victim, but fearing for her life, told

---

[3]  On the court's own motion, we take judicial notice of our prior opinions in defendant's appeal from the original judgment (*People v. Rodriguez* (July 26, 2013, E054701) [nonpub. opn.] (*Rodriguez I*), and from his appeal from the denial of his first section 1172.6 petition (*People v. Rodriguez* (Aug. 2, 2022, E078965) [nonpub. opn.] (*Rodriguez II*)).  (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115.)  We take our factual recitation from *Rodriguez I*, cognizant that courts ruling on section 1172.6 petitions are barred, under most circumstances, from relying on the factual background presented in an appellate court's prior opinion.  (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; accord *People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

defendant that the victim had raped her. After she left the room, defendant shot the victim in the chest. (*Rodriguez I*, *supra*, E054701.)

On April 28, 2011, a jury found defendant guilty of premeditated and deliberate murder (§ 187, subd. (a)), and found true a special circumstance allegation that the murder was committed during the commission or attempted commission of kidnapping (§ 190.2, subd. (a)(17)(B)). The court sentenced defendant to imprisonment for life without the possibility of parole. (*Rodriguez I*, *supra*, E054701.)

Defendant appealed. We vacated the sentence and remanded the matter with directions to the court to impose an unstated restitution order and strike the parole revocation fine. In all other respects, we affirmed the judgment. (*Rodriguez I*, *supra*, E054701.)

On January 3, 2022, defendant filed a petition for resentencing pursuant to former section 1170.95. At a hearing on May 6, 2022, at which defendant was represented by counsel, the People informed the court defendant had been convicted of murder with a true finding on a kidnapping special murder circumstance. The People argued that to find the special circumstance true required that the jury find defendant intended to kill: "We believe under those circumstances the petition should be denied." (*Rodriguez II*, *supra*, E078965.)

The court looked at its own records and observed that the jury had found true the kidnapping special murder circumstance. The court then reviewed the instructions given to the jury on the special murder circumstance and found that defendant specifically

4

intended to kill the victim. The court found that "under these circumstances . . . defendant is ineligible for relief under [former section] 1[1]70. 95." The court denied the petition. (*Rodriguez II*, *supra*, E078965.) Defendant appealed. We affirmed. (*Rodriguez II*, *supra*, E078965.)

On June 2, 2023, defendant filed a second petition for resentencing under former section 1170.95. At a hearing on July 7, 2023, the People stated, "the previous petition was denied in 2022 because the true finding on the felony murder special circumstance required the intent to kill. It wasn't felony murder or aiding and abetting. The Court of Appeal affirmed the Court's decision to deny the petition." "So at this point in time, the Court of Appeal already having decided this case, it's res judicata as to this defendant."

Defense counsel indicated he had read and confirmed everything the People said, and submitted on the matter. The court ruled that "it's the same subject matter that's already been dealt with, the petition is denied."

## II. DISCUSSION

Defendant maintains the jury instructions and the jury's murder-kidnaping special-circumstance finding do not preclude his eligibility for relief, he challenges the trial court's failure to give a unanimity instruction, he challenges the jury's verdicts, and he requests that we independently review the record for error. We affirm.

"Senate Bill [No.]1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with

5

the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) In a case tried before both *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, a jury's true finding on a special murder circumstance finding alone does not render a defendant prima facie ineligible for section 1172.6 relief. (*Strong*, at pp. 703, 710, & 721.)

"[A]ppellate court judgments establish the law that ' "must be applied in the subsequent stages of the cause" '—i.e., the law of the case—' "and they are *res adjudicata* in *other* cases as to every matter adjudicated." ' [Citation.]" (*People v. Barragan* (2004) 32 Cal.4th 236, 253 (*Barragan*).) A " 'decision on a matter properly presented on a prior appeal becomes the law of the case even though it may not have been absolutely necessary to the determination of the question whether the judgment appealed from should be reversed. [Citations].' [Citation.] Thus, application of the law-of-the-case doctrine is appropriate where an issue presented and decided in the prior appeal, even if not essential to the appellate disposition, 'was proper as a guide to the

court below on a new trial.' [Citation.]" (*People v. Boyer* (2006) 38 Cal.4th 412, 442 (*Boyer*).) The " 'law-of-the-case doctrine binds the trial court as to the law but controls the outcome only if the evidence on retrial or rehearing of an issue is substantially the same as that upon which the appellate ruling was based. [Citations.]' " (*Id*. at p. 443.)

Here, defendant initially filed a petition for resentencing pursuant to former section 1170.95 on January 3, 2022. On May 6, 2022, the court denied the petition, noting that the kidnapping-murder special-circumstance finding reflected the jury's conclusion that defendant specifically intended the victim's murder, rendering defendant ineligible for relief. (*Rodriguez II*, *supra*, E078965.)

Defendant appealed. We affirmed. (*Rodriguez II*, *supra*, E078965.) Therefore, both this court and the court below are bound by the previous determination, affirmed by this court, which was based on the same law and same set of facts; that defendant is ineligible for section 1172.6 relief.

Even if we could address the issues defendant raises, they would all fail. First, defendant's contentions that the jury instructions and the kidnapping-murder special-circumstance finding do not preclude his eligibility for relief both fail. Defendant has neither provided the jury instructions to this court nor proved that he would not otherwise be ineligible for relief. (*People v. Scully* (2021) 11 Cal.5th 542, 567 ["On appeal, the defense bears the burden of showing both error and prejudice."]; *People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 ["Not only does the defendant bear the burden of demonstrating" error "but the defendant further bears the burden to provide a record on

appeal which affirmatively shows that there was an error below, and any uncertainty in the record must be resolved against the defendant."].)

Second, a section 1172.6 petition is neither the proper vehicle for attacking the trial court's instructions to the jury nor the jury's verdicts themselves. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535, 538 ["[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay."]; see *In re Harris* (1993) 5 Cal.4th 813, 829, disapproved on other grounds in *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842 ["Proper appellate procedure thus demands that, absent strong justification, issues that could be raised on appeal must initially be so presented, . . ."]; *In re J.F.* (1969) 268 Cal.App.2d 761, 766 ["[I]n this state habeas corpus is a proper vehicle with which to challenge the constitutional validity of prior felony convictions, long since final, . . ."].)

Indeed, defendant already raised his specific challenges to the jury's verdicts and the lack of a unanimity instruction in his appeal. We rejected those challenges. (*Rodriguez II*, *supra*, E078965.) Thus, defendant is doubly estopped from raising issues in his appeal from the denial of his second section 1172.6 petition, which he has previously raised, and which were previously rejected. (*Barragan*, *supra*, 32 Cal.4th at p. 253; *Boyer*, *supra*, 38 Cal.4th at p. 442.) We decline defendant's invitation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 ["The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues."].)

8

## III. DISPOSITION

The court's order denying the petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.