Filed 10/14/25  P. v. Jones CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES STANLEY JONES,<br><br>    Defendant and Appellant. | B337284<br><br>(Los Angeles County<br>Super. Ct. No. XSCTA095943-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Carol J. Najera, Judge.  Appeal dismissed.

Micah Reyner, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

————————

Defendant James Stanley Jones contends the trial court erred in denying his motion to vacate an illegal sentence. The trial court lacked jurisdiction to consider his motion, as do we. We dismiss the appeal.

## BACKGROUND

In 2008, a jury convicted James Stanley Jones of murder, attempted murder, and two counts of shooting from a motor vehicle, along with firearm allegations. The trial court sentenced Jones to a total of 75 years to life on the murder and attempted murder convictions and firearm enhancements. The trial court stayed the sentences on the remaining two counts under Penal Code[1] section 654 without first imposing specific terms, stating, "[F]inally, for counts 3 and 4, in light of the evidence that was presented in this case, those sentences—any sentence on those counts will be stayed, pursuant to Penal Code section 654." The trial court never pronounced particular sentences for these counts. This was error. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 [a sentence must be imposed on each count and then stayed as necessary to comply with section 654).)

On January 3, 2024, Jones filed a motion to vacate his sentence, arguing that the stayed sentences were unauthorized because the trial court failed to impose any specific prison terms before ordering the terms stayed. The trial court denied the motion. This appeal followed. Jones has requested that we take judicial notice of records from his prior appeal in case No. B211677. We grant his request.

---

[1] Further undesignated code sections are to the Penal Code.

2

**DISCUSSION**

I.    <u>Standard of Review</u>

We review questions of statutory construction and subject matter jurisdiction de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

II.    <u>Applicable Law</u>

Jones relies on the " 'venerable notion' " that an unauthorized sentence may be corrected " 'at any time.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*); *People v. Scott* (1994) 9 Cal.4th 331, 354.) That, however, is a simplified and incomplete statement of the law. In *In re G.C.* (2020) 8 Cal.5th 1119, 1129–1134, our Supreme Court rejected the assumption that a trial court may correct a sentence at any time. The Supreme Court explained that the "unauthorized sentence" rule is an exception to the waiver doctrine, not to the requirement that a court have jurisdiction before it may act. (*Id.* at p. 1130.) Thus, under the unauthorized sentence rule, a party does not forfeit the right to argue that a sentence is unlawful by failing to object in the trial court. (*Ibid.*) Such a sentence may be challenged at any time as long as the court still has jurisdiction over the judgment. (*Ibid.*; *King*, at p. 635.)

A trial court generally lacks jurisdiction to vacate or modify a sentence once the judgment is rendered and execution of the sentence begins. (*King*, *supra*, 77 Cal.App.5th at p. 634.) As the *King* court points out, there are statutory exceptions to this rule. For example, section 1172.1, subdivision (a)(1) permits a trial court to recall and resentence a defendant at any time on its own motion or upon a request by certain designated law enforcement officials. (*King,* at p. 637.) A trial court is authorized to correct

3

clerical errors in its own records at any time. (*Ibid.*, citing *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [power to correct clerical errors].) And, importantly, a trial court may rule on a defendant's challenge to an unlawful sentence by way of a properly filed petition for writ of habeas corpus. (*In re Harris* (1993) 5 Cal.4th 813, 823, 838 [availability of habeas corpus to correct illegal sentence], disapproved on another ground in *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 854, fn. 5.)

We conclude a petition for writ of habeas corpus is the appropriate vehicle Jones may use to seek correction of his sentence. He may not, however, file a freestanding motion once the trial court has, as here, lost jurisdiction over his judgment. Because the trial court lacked jurisdiction to hear his motion, we lack jurisdiction to hear the appeal from that motion. (*King, supra*, 77 Cal.App.5th at p. 639.)

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



STRATTON, P. J.

We concur:



WILEY, J.                           VIRAMONTES, J.

4